# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEMUEL BLAND, SCOTT RUBIN, JASON GALASSO, and MARIANO SANTOLOCI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PNC BANK, N.A.,<br><br>Defendant. | **ELECTRONICALLY FILED**<br><br>Case No.:  2:15-cv-01042-AJS<br><br><br>Judge Arthur J. Schwab |

## ANSWER TO COMPLAINT

Defendant PNC Bank, National Association ("PNC"), by and through its attorneys, hereby responds to Plaintiffs' Complaint in accordance with the numbered paragraphs thereof as follows:

Concerning the unnumbered paragraph contained on page 1 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs purport to bring claims on behalf of themselves and a purported class and collective action as described in this paragraph, but denies that this case can proceed as a class or collective action and further denies that Plaintiffs and the individuals they purport to represent are similarly situated.  Defendant denies any remaining allegations in this paragraph.

## JURISDICTION AND VENUE

1. The allegations in paragraph 1 are legal conclusions to which no response is required.

2. Defendant admits only that Plaintiffs purport to bring claims on behalf of a putative class of over 100 members and that some of the purported class members have different

citizenship from Defendant.  Defendant denies that this case can proceed as a class action.  The remaining allegations in paragraph 2 are legal conclusions to which no response is required.

3.       Defendant admits only that venue is proper in this district.  Defendant denies the remaining allegations in paragraph 3.

## THE PARTIES

4.       Defendant admits only that Plaintiff Lemuel Bland worked for PNC as a Mortgage Loan Officer (Mortgage Loan Officers and Mortgage Loan Originators are referred to herein as "MLOs").  Defendant is without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 4 that Plaintiff Lemuel Bland resides in Plantation, Florida, and therefore, denies that allegation.  Defendant denies the remaining allegations in paragraph 4.

5.       Defendant admits only that Plaintiff Scott Rubin worked for PNC as a MLO. Defendant is without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 5 that Plaintiff Scott Rubin resides in Boca Raton, Florida, and therefore, denies that allegation.  Defendant denies the remaining allegations in paragraph 5.

6.       Defendant admits only that Plaintiff Jason Galasso works for PNC as a MLO and that he has informed PNC that he currently resides in Tamarac, Florida.  Defendant denies the remaining allegations in paragraph 6.

7.       Defendant admits only that Plaintiff Mariano Santoloci worked for PNC as a MLO in Ohio and Florida.  Defendant is without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 7 that Plaintiff Mariano Santoloci resides in Weston, Florida, and therefore, denies that allegation.  Defendant denies the remaining allegations in paragraph 7.

8.       Defendant admits only that PNC is a subsidiary of The PNC Financial Services Group, Inc., that PNC is headquartered in Pittsburgh, Pennsylvania, and that PNC conducts business in several different states.  Defendant denies the remaining allegations in paragraph 8.

9.      Defendant admits only that PNC maintains its headquarters at One PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania and that PNC conducts business in several different states including Pennsylvania, Florida, and Ohio.  Defendant denies any remaining allegations in paragraph 9.

10.      Certain of the allegations in paragraph 10 are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that PNC has over 2,500 branches, including branches in Pennsylvania, Florida, Ohio and several other states. Defendant denies the remaining allegations in paragraph 10.

11.      Certain of the allegations in paragraph 11 are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that Plaintiffs worked for PNC as MLOs but denies that Plaintiffs and the individuals they purport to represent are similarly situated.  Defendant denies any remaining allegations in paragraph 11.

12.      Defendant admits only that PNC's business includes banking and residential mortgage loans and that it conducts business in several states including Pennsylvania, Florida, and Ohio.  Defendant denies any remaining allegations in paragraph 12.

13.      Defendant admits that Plaintiff Bland worked for PNC as a MLO from approximately April 16, 2012 to June 30, 2014 in the South Broward, Florida area.  Defendant denies any remaining allegations in paragraph 13.

14.      Defendant admits that Plaintiff Rubin worked for PNC as a MLO from approximately April 29, 2011 to December 30, 2013 in the Delray Beach, Florida area. Defendant denies any remaining allegations in paragraph 14.

15.      Defendant admits only that Plaintiff Santoloci worked for PNC as a MLO from approximately December 16, 2013 to July 2, 2014 in the Troy, Ohio area and that he also worked

for PNC as a MLO from approximately April 29, 2011 to May 12, 2011 in the Delray Beach, Florida area. Defendant denies any remaining allegations in paragraph 15.

16.     Defendant admits only that Plaintiff Galasso worked for PNC as a MLO since approximately December 30, 2014 in the South Broward, Florida area. Defendant denies any remaining allegations in paragraph 16.

## COLLECTIVE ACTION ALLEGATIONS

17.     Defendant incorporates by reference its responses to the previous paragraphs of Plaintiffs' Complaint as though fully set forth herein.

18.     Defendant admits that Plaintiffs purport to bring this case as a collective action under the FLSA as described in paragraph 18 but denies that this case can proceed as a collective action. Defendant denies any remaining allegations in paragraph 18.

19.     The allegations in paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 19.

20.     Denied.

21.     Denied.

22.     Defendant admits only that the number of individuals in Plaintiffs' purported collective action is approximately 2,300. Defendant denies the remaining allegations in paragraph 22 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

23.     Certain of the allegations in paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 23.

24.     Certain of the allegations in paragraph 24 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in

4

paragraph 24 and Defendant specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

## CLASS ACTION ALLEGATIONS

25.    Defendant incorporates by reference its responses to the previous paragraphs of Plaintiffs' Complaint as though fully set forth herein.

26.    Defendant admits only that Plaintiffs purport to bring claims on behalf of themselves and a purported class as described in paragraph 26 but Defendant specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated and denies that this case can proceed as a class action.  Defendant denies any remaining allegations in paragraph 26.

27.    Defendant admits only that Plaintiffs seek to represent a class as described in paragraph 27 but denies that this case can proceed as a class action.  Defendant denies any remaining allegations in paragraph 27.

28.    Denied.

29.    The allegations in paragraph 29 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 29.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Certain of the allegations in paragraph 33 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 33.

## BACKGROUND

34.     Defendant admits only that PNC has employed MLOs to originate residential mortgage loans for customers located in various states including Pennsylvania, Florida, and Ohio.  Defendant denies any remaining allegations in paragraph 34.

35.     Certain of the allegations in paragraph 35 are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that prior to April 2011, it classified MLOs as overtime-exempt employees.  Defendant denies the remaining allegations in paragraph 35.

36.     Defendant admits only that the lawsuit <u>Struck v. PNC Bank, N.A.</u> occurred and that the allegations in that complaint speak for themselves.  Defendant denies any remaining allegations in paragraph 36.

37.     Defendant admits only that the lawsuit <u>Struck v. PNC Bank, N.A.</u> occurred and that the allegations in that complaint speak for themselves.  Defendant denies any remaining allegations in paragraph 37.

38.     Defendant admits only that the <u>Struck</u> matter settled and that the settlement agreement speaks for itself.  Defendant denies any remaining allegations in paragraph 38.

### The Current Employment Agreement

39.     Defendant admits only that Plaintiffs received offer letters and Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves. Defendant denies the remaining allegations in paragraph 39 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

40.     Denied.

41.     Denied.

42.      Defendant admits only that Plaintiffs received Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves.  Defendant denies the remaining allegations in paragraph 42 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

43.      Defendant admits only that Plaintiffs received Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves.  Defendant denies the remaining allegations in paragraph 43 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

44.      Denied.

45.      Denied.

46.      Denied.

47.      Defendant admits only that Plaintiffs were issued business cards.  Defendant denies the remaining allegations in paragraph 47 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

48.      Defendant admits only that Plaintiffs were issued laptop computers.  Defendant denies the remaining allegations in paragraph 48 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

49.      Denied.

50.      Denied.

51.      Denied.

52.      Defendant admits only that Plaintiffs were paid a base salary of $24,000 per year. Defendant denies the remaining allegations in paragraph 52 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

53.     Defendant admits only that Plaintiffs received Non-Cumulative Draw Addenda and that those documents speak for themselves.  Defendant denies the remaining allegations in paragraph 53, and Defendant specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.  By way of further response, Plaintiffs appear to quote from the 2011-2012 versions of the Non-Cumulative Draw Addendum, which is different from the 2013 version.

54.     Defendant admits only that Plaintiffs received Non-Cumulative Draw Addenda and that those documents speak for themselves.  Defendant denies the remaining allegations in paragraph 54 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

55.     Defendant admits only that Plaintiffs received Mortgage Origination Loan Officer / Mortgage Origination Loan Representative grids and that those documents speak for themselves.  Defendant denies the remaining allegations in paragraph 55 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.  By way of further response, the language in this paragraph is quoted inaccurately.

56.     Defendant admits only that it has revised the Mortgage Origination Loan Officer / Mortgage Origination Loan Representative grids on occasion.  Defendant denies the remaining allegations in paragraph 56.

57.     Defendant admits only that Plaintiffs received Non-Cumulative Draw Addenda and that those documents speak for themselves.  Defendant denies the remaining allegations in paragraph 57 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

58.     Defendant admits only that it paid Plaintiffs a base salary of $24,000 per year on a bi-weekly basis, and that the Compensation Plan Summary is a document that speaks for itself. Defendant denies the remaining allegations in paragraph 58 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

59.     Defendant admits only that it paid Plaintiffs their salary and approved overtime on a bi-weekly basis.  Defendant denies the remaining allegations in paragraph 59 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

60.     Defendant admits only that PNC issued Plaintiffs Earnings Statements, the contents of which speak for themselves.  Defendant denies the remaining allegations in paragraph 60 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

61.     Defendant admits only that PNC issued Plaintiffs Earnings Statements, the contents of which speak for themselves.  Defendant denies the remaining allegations in paragraph 61 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     The allegations in paragraph 67 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 67.

68.     Defendant admits only that Plaintiffs were classified as non-exempt employees.
Defendant denies the remaining allegations in paragraph 68.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     The allegations in paragraph 74 are legal conclusions to which no response is
required.  To the extent a response is required, Defendant denies the allegations in paragraph 74.

75.     Denied.

76.     Denied.

77.     Certain of the allegations in paragraph 77 are legal conclusions to which no
response is required.  To the extent a response is required, Defendant admits only that Plaintiffs
seek relief as described in paragraph 77 but denies that Plaintiffs are entitled to any of the relief
sought.  Defendant denies any remaining allegations in paragraph 77 and specifically denies that
Plaintiffs and the individuals they purport to represent are similarly situated.

78.     Denied.

79.     Defendant is without knowledge sufficient to form a belief as to the truth of the
allegation in paragraph 79 concerning Plaintiffs' awareness.  Defendant denies the remaining
allegations in paragraph 79 and specifically denies that it engaged in any illegal conduct and that
Plaintiffs and the individuals they purport to represent are similarly situated.

80.     Denied.

81.     Denied.

    a.   Defendant admits only that the document referenced in paragraph 81(a) speaks for itself.  Defendant specifically denies that Plaintiff Galasso was paid in an unlawful manner.  Defendant denies any remaining allegations in paragraph 81(a).

    b.   Defendant admits only that the document referenced in paragraph 81(b) speaks for itself.  Defendant specifically denies that Plaintiff Galasso was paid in an unlawful manner.  Defendant denies any remaining allegations in paragraph 81(b).

    c.   Defendant admits only that the document referenced in paragraph 81(c) speaks for itself.  Defendant specifically denies that Plaintiff Galasso was paid in an unlawful manner.  Defendant denies the remaining allegations in paragraph 81(c).

82.    Denied.

83.    Denied.

    a.   Defendant admits only that the document referenced in paragraph 83(a) speaks for itself.  Defendant specifically denies that Plaintiff Galasso was paid in an unlawful manner.  Defendant denies any remaining allegations in paragraph 83(a).

    b.   Defendant admits only that the document referenced in paragraph 83(b) speaks for itself.  Defendant specifically denies that Plaintiff Galasso was paid in an unlawful manner.  Defendant denies any remaining allegations in paragraph 83(b).

    c.  Defendant admits only that the document referenced in paragraph 83(c) speaks for itself.  Defendant specifically denies that Plaintiff Galasso was paid in an unlawful manner.  Defendant denies any remaining allegations in paragraph 83(c).

    d.  Defendant admits only that the document referenced in paragraph 83(d) speaks for itself.  Defendant specifically denies that Plaintiff Galasso was paid in an unlawful manner.  Defendant denies the remaining allegations in paragraph 83(d).

84.    Denied.

85.    Denied.

    a.  Defendant admits only that the document referenced in paragraph 85(a) speaks for itself.  Defendant specifically denies that Plaintiff Galasso was paid in an unlawful manner.  Defendant denies any remaining allegations in paragraph 85(a).

    b.  Defendant admits only that the document referenced in paragraph 85(b) speaks for itself.  Defendant specifically denies that Plaintiff Galasso was paid in an unlawful manner.  Defendant denies any remaining allegations in paragraph 85(b).

    c.  Defendant admits only that the document referenced in paragraph 85(c) speaks for itself.  Defendant specifically denies that Plaintiff Galasso was paid in an unlawful manner.  Defendant denies any remaining allegations in paragraph 85(c).

     d.   Defendant admits only that the document referenced in paragraph 85(d) speaks for itself.  Defendant specifically denies that Plaintiff Galasso was paid in an unlawful manner.  Defendant denies the remaining allegations in paragraph 85(d).

86.    Denied.

87.    Defendant admits only that Plaintiffs were MLOs who were classified as non-exempt.  Defendant denies the remaining allegations in paragraph 87.

88.    Denied.

89.    Defendant admits only that Plaintiffs seek to represent the individuals described in paragraph 89 but denies that this case can proceed as a class or collective action.  Defendant denies any remaining allegations in paragraph 89.

90.    Denied.

91.    Denied.

92.    Defendant admits only that as MLOs, Plaintiffs' job duties included, but were not limited to, preparing loan applications, collecting credit/financial documentation from potential borrowers, and engaging in customer contact through telephone and email.  Defendant denies the remaining allegations in paragraph 92 and specifically denies that Plaintiffs and the individuals they purport to represent are similarly situated.

93.    Defendant admits only that as MLOs, Plaintiffs' job duties included, but were not limited to, logging into PNC's computer system.  Defendant denies the remaining allegations in paragraph 93.

94.    Denied.

95.     The allegations in paragraph 95 are legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph 95.

96.     Denied.

97.     Denied.

98.     Defendant admits only that various incentive plans exist and have existed and that those documents speak for themselves.  Defendant denies the remaining allegations in paragraph 98 and specifically denies that this case can proceed as a collective or class action.

99.     Defendant admits only that some of the work performed by MLOs is an integral part of PNC's residential mortgage business.  Defendant denies the remaining allegations in paragraph 99 and specifically denies that this case can proceed as a collective or class action.

100.    Denied.

101.    Denied.

102.    The allegations in paragraph 102 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 102.

<u>**COUNT I**</u>
**FLSA CLAIM FOR UNPAID OVERTIME**

103.    Defendant incorporates by reference its responses to the previous paragraphs of Plaintiffs' Complaint as though fully set forth herein.

104.    The allegations in paragraph 104 are legal conclusions to which no response is required.

105.    The allegations in paragraph 105 are legal conclusions to which no response is required.

106.    Admitted.

14

107.     The allegations in paragraph 107 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 107.

108.     Denied.

109.     The allegations in paragraph 109 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 109.

## COUNT II
## FLSA CLAIM FOR UNPAID MINIMUM WAGES

110.     Defendant incorporates by reference its responses to the previous paragraphs of Plaintiffs' Complaint as though fully set forth herein.

111.     The allegations in paragraph 111 are legal conclusions to which no response is required.

112.     Admitted.

113.     The allegations in paragraph 113 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 113.

114.     The allegations in paragraph 114 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 114.

## COUNT III
## VIOLATIONS OF PWPCL
## (Pennsylvania Wage Payment and Collection Law, 43 P.S. §§260.1 – 260.12)

115.     Defendant incorporates by reference its responses to the previous paragraphs of Plaintiffs' Complaint as though fully set forth herein.

116.    The allegations in paragraph 116 are legal conclusions to which no response is required.

117.    The allegations in paragraph 117 are legal conclusions to which no response is required.

118.    The allegations in paragraph 118 are legal conclusions to which no response is required.

119.    The allegations in paragraph 119 are legal conclusions to which no response is required.

120.    The allegations in paragraph 120 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 120.

121.    The allegations in paragraph 121 are legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in paragraph 121.

122.    Denied.

123.    Denied.

**<u>COUNT IV</u>**
**VIOLATIONS OF PMWA**
**(Pennsylvania Overtime and Minimum Wage Violations, 43 P.S. §333.101-333.115)**

124.    Defendant incorporates by reference its responses to the previous paragraphs of Plaintiffs' Complaint as though fully set forth herein.

125.    The allegations in paragraph 125 are legal conclusions to which no response is required.

126.    Admitted.

16

127.    The allegations in paragraph 127 are legal conclusions to which no response is required.

128.    The allegations in paragraph 128 are legal conclusions to which no response is required.

129.    Denied.

130.    The allegations in paragraph 130 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 130.

131.    The allegations in paragraph 131 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 131.

132.    Denied.

133.    Denied.

## **GENERAL DENIAL**

Defendant denies each and every allegation not specifically admitted or not specifically modified herein.

## **PRAYER FOR RELIEF**

Defendant denies that it is liable to Plaintiffs or any other member of the alleged class or collective action in any way, denies that Plaintiffs or any other member of the alleged class or collective action are entitled to relief, denies that this case may proceed as a class or collective action, and denies all other allegations contained in the prayer for relief.

## DEFENSES

1.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because at all relevant times, they were paid the required minimum wage and overtime payments.

2.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because they have not sustained any injury or damage by reason of any act or omission of Defendant.

3.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by the doctrines of release, accord and satisfaction, waiver, estoppel, unclean hands, set-off, and/or offset.

4.      To the extent that Plaintiffs and/or members of the purported class and collective action were paid compensation beyond that to which they were entitled while employed by Defendant, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

5.      If Defendant failed to pay Plaintiffs and/or members of the purported class and collective action any overtime wages, although such is not admitted, they have not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

6.      If Defendant failed to pay Plaintiffs and/or members of the purported class and collective action any overtime wages, although such is not admitted, none of Defendant's actions or omissions constituted a willful violation of the FLSA or Pennsylvania law.

7.      Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiffs and/or members of the purported class and collective action.

8.      Pursuant to 29 U.S.C. § 259 and other applicable law, Defendant's alleged failure to pay Plaintiffs and/or members of the purported class and collective action overtime wages, if at all, was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor and the Department of Labor of the applicable states.

9.      Plaintiffs have failed to satisfy the prerequisites for bringing a class or collective action.

10.     Certification of a class, based upon the facts and circumstances of this case, would constitute a denial of Defendant's right to due process under the Fourteenth Amendment of the United States Constitution, as well as the Constitution of Pennsylvania

11.     An award of penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States Constitution as well as the Constitution of Pennsylvania.

12.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred as to all hours allegedly worked of which Defendant lacked knowledge.

13.     Plaintiffs and/or members of the purported class and collective action failed to mitigate damages, entitlement to which is expressly denied.

14.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are offset by any amounts owed to Defendant, including but not limited to overpayments or other forms of unjust enrichment.

15.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because they failed to demand payment.

16.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because Plaintiffs lack standing to seek some or all of the requested relief.

17.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by applicable statutes of limitations.

18.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, to the extent they violated policies and guidelines or worked in violation of orders of their supervisors.

19.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred to the extent they seek remedies beyond those provided for by the FLSA or Pennsylvania law.

20.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the FLSA and/or Pennsylvania law.

21.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any allegedly unlawful behavior and they unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

22.     Plaintiffs and/or members of the purported class and collective action are exempt from overtime and minimum wage requirements under the FLSA and/or state law, including but

not limited to, the administrative, executive, highly compensated, outside sales, and/or retail or service establishment exemptions, or some combination of these exemptions.

23.     If Defendant is found to have failed to pay any amount due to Plaintiffs and/or members of the purported class and collective action, which allegations Defendant denies, any payments should be calculated at a rate of one-half the regular hourly rate for each individual.

24.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred in whole or in part because the work alleged to be unpaid is not compensable time under applicable law, including because it was preliminary, postliminary, or *de minimis*.

25.     Although Plaintiffs are not similarly situated to other individuals, and this action may not proceed as a class or collective action, Defendant reserves the right to assert any of the above defenses as well as additional defenses as to any individual who files a consent to join in this action, or any putative class or collective action member.

Defendant reserves the right to amend this Answer and add any and all additional defenses as they become known through discovery or investigation.

**WHEREFORE,** Defendant respectfully requests that the claims alleged in the Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense, including reasonable attorneys' fees.

Dated: September 28, 2015           Respectfully submitted,

                                     MORGAN, LEWIS & BOCKIUS LLP

                                     */s/ Lauren E. Marzullo*          
Lauren E. Marzullo (ID No. 306459)
Christopher K. Ramsey (ID No. 63293)
One Oxford Centre, 32nd Floor
Tel:  (412) 560-3300
Fax:  (412) 560-5001
lmarzullo@morganlewis.com

Sarah E. Bouchard *(Pro Hac Vice)*
1701 Market Street
Philadelphia, PA  19103
Tel:  (215) 963-5000
Fax:  (215) 963-5001
sbouchard@morganlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Answer to Plaintiffs' Complaint was electronically filed with the Court and served via its ECF/CM system, on September 28, 2015 upon the following:

Justin L. Swidler
SWARTZ SWIDLER, LLC
1101 Kings Highway N.
Suite 402
Cherry Hill, NJ 08034
Tel: (856) 685-7420
Fax: (856) 685-7417
jswidler@swartz-legal.com


*s/ Lauren E. Marzullo*
Lauren E. Marzullo