IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEMUEL BLAND, ET AL.,

      Plaintiffs,                        15cv1042

                                      **ELECTRONICALLY FILED**

      v.

PNC BANK, N.A.,

      Defendant.

## PRETRIAL ORDER

**AND NOW**, this 22nd day of February, 2016, the Court **HEREBY ORDERS** as follows:

### A. Final Pretrial Orders:

1.    **Jury Selection & Trial**. Jury selection and trial are set for **January 17, 2017 at 9:30A.M.**, in Courtroom 7C, 7th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.

2.    **Pretrial Conference(s)**. A final pretrial conference shall be held on **January 11, 2017 at 9:30 A.M.**, in Courtroom 7C, 7th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania. A preliminary pretrial conference shall be held on **January 3, 2017 at 9:30 A.M**.

3.    **Exchange of Witness Lists and Exhibits**.

a.    Plaintiff shall file and serve its list of trial witnesses, listing separately the witnesses it will call and the witnesses it may call if needed (other than purely for impeachment). For each witness listed Plaintiff shall provide an offer of proof explaining the substance of the witness' testimony. The offers of proof shall be no

        more than one (1) double-spaced page with twelve (12) point font.  Plaintiff's witness list and offers of proof shall be due by **December 2, 2016** .

b.      Defendant shall file and serve its list of trial witnesses, listing separately the witnesses it will call and the witnesses it may call if needed (other than purely for impeachment).  For each witness listed Defendant shall provide an offer of proof explaining the substance of the witness' testimony.  The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font.  Defendant's witness list and offers of proof shall be due by **December 9, 2016**.

c.      On **December 21, 2016**, counsel shall file on CM/ECF a Joint Exhibit List Chart (with columns) setting forth all plaintiff and defendant trial exhibits, by exhibit number, date, author, type of document, objection as to authenticity (if any) with response, and objection as to admissibility with response. At the same time, two separate sets, one for the Court and one for the Court Reporter, of each exhibit in a binder/notebook, shall be delivered to chambers. (The actual copy of the exhibits should not be filed on CM/ECF, only the Joint Exhibit List Chart shall be filed on CM/ECF). The hand delivered Joint Exhibit List Chart, with two sets of the exhibits in binders, shall be delivered to chambers by **December 21, 2016 at 3:00 P.M.**

d.      Voluminous data shall be presented by summary exhibits pursuant to Fed.R.Evid. 1006, and voluminous exhibits shall be redacted to eliminate irrelevant material (which shall remain available for examination by opposing counsel).  Where copies of documents are offered, the originals shall be available for examination,

unless waived by stipulation.

4.   **Designation of Discovery Excerpts to be Offered at Trial**.   The parties shall submit designation of excerpts from depositions, interrogatory answers, and responses to requests for admission to be offered at trial (other than for impeachment) by **December 21, 2016.**

5.   **Motions**.  The parties shall file all motions in limine, including motions under Fed.R.Evid. 104(a) and motions to limit or sever issues, together with supporting briefs or memoranda of law, by **December 23, 2016**.   Responses shall be filed by **December 28, 2016**.  All briefs supporting or opposing such motions are limited to 5 pages.

6.   **Proposed Jury Instructions & Verdict Slips**.  Counsel shall meet in an attempt to agree on a joint verdict slip and a joint set of proposed <u>substantive</u> jury instructions regarding plaintiff(s)' claims and their elements, any defenses and their elements, and any evidentiary or other matters <u>particular or unique</u> to this case; the parties need not submit "boilerplate" or standard civil jury instructions. After said meeting, and on or before **December 16, 2016**, counsel shall file a <u>unified</u> (meaning one) combined set of proposed instructions, and shall e-mail to the assigned law clerk a copy of the instructions in WORD format.  The filed set of instructions shall include both the agreed upon instructions and the proposed instructions to which the parties have not agreed.  Each agreed upon instruction shall include the following notation at the bottom: "This proposed instruction is agreed upon by the parties."  Each instruction to which the parties have not agreed shall indicate at the bottom the name of the party proffering the instruction.  Proposed instructions by different parties shall by grouped together.

<u>The Court will not accept separate proposed jury instructions from the parties</u>.

The Court generally rules on jury instructions prior to the Final Pretrial Conference on

ECF.

A joint verdict slip shall be filed by **December 16, 2016**. If parties, after meeting in an attempt to agree on a joint verdict slip are unable to agree, the parties shall submit their respective proposed verdict slip by **December 16, 2016**.

7. **Proposed Voir Dire**. Counsel are permitted to supplement the standard questions provided that the proposed supplemental voir dire questions are submitted to the Court in writing by **December 16, 2016.**

8. **Joint Stipulations**. The parties shall file joint stipulations by **December 21, 2016.** All possible stipulations shall be made as to:

    a.    Facts;

    b.    Issues to be decided;

    c.    The authenticity and admissibility of exhibits;

    d.    Expert qualifications and reports;

    e.    Deposition testimony to be read into the record; and

    f.    A brief statement of the claims and defenses to be read to the jury to introduce the trial.

Counsel shall meet at a mutually convenient time and place to produce the joint stipulation in time for filing as ordered.

### B. Trial Procedure

1. **Hours**. Court is in trial session, unless otherwise ordered by the Court, Monday through Thursday, 9:00 a.m. to 4:00 p.m. with breaks where appropriate. **All counsel are expected to be in their seats and ready to commence at the appointed times.**

      2.     **Exhibits**.  Because counsel will have previously marked and exchanged all exhibits and provided a copy to the Court, it will not be necessary during the trial to show exhibits to opposing counsel prior to using them.

      3.     **Approaching the Witness**.  It will not be necessary for counsel to request permission to approach a witness.

      4.     **Opening and Closing Statements**.  Up to thirty (30) minutes is permitted to each side for opening and closing statements, depending on the complexity of the case.  Counsel may use exhibits or charts in opening argument provided that the same have been provided to opposing counsel beforehand and either agreement was reached or the Court has ruled upon the matter.

      5.     **Side Bar Conferences**.  The Court believes that counsel should be considerate of the jurors' time.  Consequently, side bar conferences are highly disfavored because they waste the jury's time and unduly extend the length of the trial.  Counsel will meet with the Court at 8:30 a.m. each day (or earlier if necessary to ensure that trial commences on time) each day to raise points of evidence or other issues that would otherwise necessitate a side bar conference.  Failure to raise the issue at that time will generally result in a disposition of the in-court objection in the presence of the jury.  If necessary, counsel and the Court may amplify their objections and rulings on the record after the jury has been excused for a break, for lunch or for the day.

In addition, it is expected that counsel will anticipate evidentiary issues requiring lengthy argument and will take up such matters out of the presence of the jury.  The Court will be available at **8:30 a.m.** each morning to address such issues.  It is the responsibility of counsel to notify other counsel of the need for a conference at 8:30 a.m. and all other counsel will be

expected to be there at the appointed time for argument.  **THE COURT WILL NOT DELAY THE PROCEEDINGS TO RESPOND TO LAST MINUTE REQUESTS FOR CONFERENCES TO DISCUSS MATTERS WHICH, IN THE EXERCISE OF REASONABLE DILIGENCE, COULD HAVE BEEN HEARD AT THE MORNING CONFERENCE.**

6. **Witness List.**  Prior to the commencement of the trial, counsel shall provide opposing counsel with a complete witness list, and shall provide opposing counsel throughout the trial with the actual list of the next day's witness by 5:00 p.m. in the order they are expected to be called.  The same procedure will be employed by both sides at the end of each trial day.  Counsel should be sure that they have adequate witnesses to fill the time allotted each day.

7. **Note Taking**. The jury shall be permitted to take notes.

8. **Jury Questions**.  All written questions submitted by the jury are supplied to counsel.  Counsel and the Court will meet to discuss and hopefully agree on a reply.  The jury is then summoned to the Courtroom in most cases and the verbal reply is given to them.  A written reply is provided where appropriate.

9. **Jury Instructions**.  A copy of the jury instructions shall be provided to the jury for use during its deliberations.

10. **Jury Access to Exhibits**.  Unless otherwise advised by counsel, it will be assumed that all admitted exhibits will be sent out with the jury.

11. **Use of Technology**.  The parties are hereby ordered to use trial presentation technology and courtroom technology, and trial exhibit summaries (pursuant to Rule 1006 of the Federal Rules of Evidence), to the fullest extent possible.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All counsel of record