## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEMUEL BLAND, *et al. individually, and on behalf of all others similarly situated,* | **ELECTRONICALLY FILED** |
| Plaintiffs, | |
| v. | |
| PNC BANK, N.A., | Civil No. 2:15-cv-01042-AJS **LEAD CASE** |
| Defendant. | |
| MARAT GOKHBERG, *et al.* | **ELECTRONICALLY FILED** |
| Plaintiffs, | |
| v. | |
| THE PNC FINANCIAL SERVICES GROUP, INC. *et al.,* | Civil No. 2:15-cv-01700-AJS **MEMBER CASE** |
| Defendants. | |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants PNC Bank, National Association and The PNC Financial Services Group, Inc. ("PNC"), by and through their attorneys, hereby respond to Plaintiffs' Second Amended Complaint in accordance with the numbered paragraphs thereof as follows:

Concerning the unnumbered paragraphs contained on pages 1 through 3 of Plaintiffs' Second Amended Complaint, Defendants admit only that Plaintiffs purport to bring claims on behalf of themselves and purported class and collective actions as described in these paragraphs, but deny that this case can proceed as a class or collective action and further deny that Plaintiffs and the individuals they purport to represent are similarly situated. Defendants deny any remaining allegations in these paragraphs.

## JURISDICTION AND VENUE

1.     The allegations in paragraph 1 are legal conclusions to which no response is required.

2.     Defendants admit only that Plaintiffs purport to bring claims on behalf of a putative classes of over 100 members and that some of the purported class members have different citizenship from Defendants.  Defendants deny that this case can proceed as a class action.  The remaining allegations in paragraph 2 are legal conclusions to which no response is required.

3.     Defendants admit only that venue is proper in this district.  Defendants deny the remaining allegations in paragraph 3.

## INTRODUCTION

4.     Defendants admit that Plaintiffs purport to bring this case as a class and collective action under the FLSA and the wage and hour laws of multiple states, including Pennsylvania, Ohio, California, Illinois, Indiana, Kentucky, Maryland, Missouri, New Jersey, New York, and Washington, as described in paragraph 4, but Defendants specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated and deny that this case can proceed as a class or collective action.  Defendants deny any remaining allegations in paragraph 4.

5.     Defendants admit that Plaintiffs purport to bring this case as a collective action under the FLSA, as described in paragraph 5, but Defendants specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated and deny that this case can proceed as a collective action.  Defendants deny any remaining allegations in paragraph 5.

6.     Defendants admit that the Named Plaintiffs as defined in the unnumbered paragraphs contained on pages 1 through 3 of Plaintiffs' Second Amended Complaint purport to bring claims for breach of contract and unjust enrichment, as described in paragraph 6 but deny these allegations.  Defendants deny any remaining allegations in paragraph 6.

7.     Defendants admit that Plaintiff Mariano Santoloci purports to bring this case as a class action under the wage and hour laws of Ohio, as described in paragraph 7 but Defendants

specifically deny that Plaintiff Santoloci and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 7.

8.      Defendants admit that Plaintiff Kirk Fyson purports to bring this case as a class action under the wage and hour laws of California, as described in paragraph 8 but Defendants specifically deny that Plaintiff Fyson and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 8.

9.      Defendants admit that Plaintiff Gregory Zaccagni purports to bring this case as a class action under the wage and hour laws of Illinois, as described in paragraph 9 but Defendants specifically deny that Plaintiff Zaccagni and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 9.

10.     Defendants admit that Plaintiff Dan Bernard Lindeman purports to bring this case as a class action under the wage and hour laws of Kentucky, as described in paragraph 10 but Defendants specifically deny that Plaintiff Lindeman and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 10.

11.     Defendants admit that Plaintiff David Groothuis purports to bring this case as a class action under the wage and hour laws of Maryland, as described in paragraph 11 but Defendants specifically deny that Plaintiff Groothuis and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 11.

12.     Defendants admit that Plaintiff James R. Samuel purports to bring this case as a class action under the wage and hour laws of Missouri, as described in paragraph 12 but Defendants specifically deny that Plaintiff Samuel and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 12.

13.     Defendants admit that Plaintiff Bianca D'Alessio purports to bring this case as a class action under the wage and hour laws of New Jersey, as described in paragraph 13 but Defendants specifically deny that Plaintiff D'Alessio and the individuals she purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 13.

14.     Defendants admit that Plaintiff Joan Malfatti purports to bring this case as a class action under the wage and hour laws of Pennsylvania, as described in paragraph 14 but Defendants specifically deny that Plaintiff Malfatti and the individuals she purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 14.

15.     Defendants admit that Plaintiff Eugene Eacret, Jr. purports to bring this case as a class action under the wage and hour laws of Indiana, as described in paragraph 15 but Defendants specifically deny that Plaintiff Eacret and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 15.

16.     Defendants admit that Plaintiff Denise Longo purports to bring this case as a class action under the wage and hour laws of Washington, as described in paragraph 16 but Defendants specifically deny that Plaintiff Longo and the individuals she purports to represent

are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 16.

17.     Defendants admit that Plaintiffs Yury Gokhberg, Marat Gokhberg, David Jaffe, Surekha Bassi, and Marc Franchi (defined as the "New York Named Plaintiffs" in Plaintiffs' Second Amended Complaint) purport to bring this case as a class action under the wage and hour laws of New York, as described in paragraph 17 but Defendants specifically deny that these Plaintiffs and the individuals they purport to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 17.

## THE PARTIES

18.     Defendants admit that Plaintiff Bland worked for PNC as a Mortgage Loan Officer (Mortgage Loan Officers and Mortgage Loan Originators are referred to herein as "MLOs") from approximately April 16, 2012 to June 30, 2014 in the South Broward, Florida area. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 18 that Plaintiff Bland resides in Florida, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 18.

19.     Defendants admit that Plaintiff Rubin worked for PNC as a MLO from approximately April 29, 2011 to December 30, 2013 in the Delray Beach, Florida area. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 19 that Plaintiff Rubin resides in Florida, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 19.

20.     Defendants admit only that Plaintiff Santoloci worked for PNC as a MLO from approximately December 16, 2013 to July 2, 2014 in the Troy, Ohio area and that he also worked for PNC as a MLO from approximately April 29, 2011 to May 12, 2011 in the Delray Beach, Florida area. Defendants are without knowledge sufficient to form a belief as to the truth of the

6

allegation in paragraph 20 that Plaintiff Santoloci resided in Ohio during the time he worked for PNC, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 20.

21. Defendants admit only that Plaintiff Galasso worked for PNC as a MLO from approximately December 30, 2014 to October 1, 2015 in the South Broward, Florida area. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 21 that Plaintiff Galasso resides in Florida, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 21.

22. Defendants admit only that Plaintiff Fyson worked for PNC as a MLO from approximately October 17, 2013 to August 14, 2014 in California. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 22 that Plaintiff Fyson resides in California, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 22.

23. Defendants admit only that Plaintiff Zaccagni worked for PNC as a Consumer Direct Loan Representative from approximately May 12, 2014 to July 28, 2015 in Illinois. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 23 that Plaintiff Zaccagni resides in Illinois, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 23.

24. Defendants admit only that Plaintiff Lindeman worked for PNC as a MLO from approximately December 16, 2013 to May 31, 2014 in Kentucky. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 24 that Plaintiff Lindeman resides in Kentucky, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 24.

DB1/ 86685556.5

25.     Defendants admit only that Plaintiff Eacret worked for PNC as a MLO from approximately May 9, 2011 to November 5, 2014 in Indiana.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 25 that Plaintiff Eacret resides in Indiana, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 25.

26.     Defendants admit only that Plaintiff Groothuis worked for PNC as a MLO from approximately December 31, 2012 to July 8, 2015 in Maryland.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 26 that Plaintiff Groothuis resides in Maryland, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 26.

27.     Defendants admit only that Plaintiff Samuel worked for PNC as a MLO from approximately September 26, 2013 to July 8, 2014 in Missouri.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 27 that Plaintiff Samuel resides in Missouri, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 27.

28.     Defendants admit only that Plaintiff D'Alessio worked for PNC as a MLO from approximately May 18, 2011 to December 13, 2014 in New Jersey.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 28 that Plaintiff D'Alessio resides in New Jersey, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 28.

29.     Defendants admit only that Plaintiff Malfatti has worked for PNC as a MLO since approximately October 9, 2012 in Pennsylvania.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 29 that Plaintiff Malfatti resides in

DB1/ 86685556.5

Pennsylvania, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 29.

30.     Defendants admit only that Plaintiff Longo worked for PNC as a Mortgage Originations Loan Officer Supervisor from approximately December 30, 2013 to December 8, 2014 in Washington. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 30 that Plaintiff Longo resides in Washington, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 30.

31.     Defendants admit only that Plaintiff Yury Gokhberg worked for PNC as a MLO from approximately April 19, 2011 to May 11, 2015 in New York. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 31 that Plaintiff Yury Gokhberg resides in New York, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 31.

32.     Defendants admit only that Plaintiff Marat Gokhberg worked for PNC as a MLO from approximately February 21, 2011 to July 8, 2015 in New York. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 32 that Plaintiff Marat Gokhberg resides in New York, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 32.

33.     Defendants admit only that Plaintiff David Jaffe worked for PNC as a MLO from approximately February 28, 2011 to February 5, 2015 in New York. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 33 that Plaintiff Jaffe resides in New York, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 33.

34.     Defendants admit only that Plaintiff Surekha Bassi worked for PNC as a MLO from approximately April 8, 2011 to June 4, 2015 in New York. Defendants are without

knowledge sufficient to form a belief as to the truth of the allegation in paragraph 34 that Plaintiff Bassi resides in New York, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 34.

35.     Defendants admit only that Plaintiff Marc Franchi worked for PNC as a MLO from approximately August 16, 2010 to September 12, 2015 in New York. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 35 that Plaintiff Franchi resides in New York, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 35.

36.     Certain of the allegations in paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that certain Plaintiffs worked for PNC as MLOs but deny that Plaintiffs and the individuals they purport to represent are similarly situated. Defendants deny any remaining allegations in paragraph 36.

37.     Defendants admit only that The PNC Financial Services Group, Inc. is a Pennsylvania corporation with its headquarters in 249 Fifth Avenue, One PNC Plaza, Pittsburgh, Pennsylvania 15222, it is licensed to do business in the State of New York, and it conducts business in New York and several other states. Defendants deny the remaining allegations in paragraph 37.

38.     Defendants admit only that PNC Bank, National Association is a subsidiary of The PNC Financial Services Group, Inc. and that PNC Bank, National Association conducts business in several different states. Defendants deny the remaining allegations in paragraph 38.

39.     Defendants admit only that PNC Bank, National Association conducts business in several different states including Pennsylvania, Florida, and Ohio. Defendants deny any remaining allegations in paragraph 39.

40.     Certain of the allegations in paragraph 40 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that PNC Bank, National Association has over 2,500 branches, including branches in Pennsylvania, Florida, Ohio, and several other states.  Defendants deny the remaining allegations in paragraph 40.

41.     Certain of the allegations in paragraph 41 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that certain Plaintiffs worked for PNC as MLOs but deny that Plaintiffs and the individuals they purport to represent are similarly situated.  Defendants deny any remaining allegations in paragraph 41.

42.     Defendants admit only that PNC's business includes banking and residential mortgage loans and that it conducts business in several states including Pennsylvania, Florida, and Ohio.  Defendants deny any remaining allegations in paragraph 42.

## COLLECTIVE ACTION ALLEGATIONS

43.     Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Second Amended Complaint as though fully set forth herein.

44.     Defendants admit that the Named Plaintiffs purport to bring this case as a collective action under the FLSA as described in paragraph 44 but deny that this case can proceed as a collective action.  Defendants deny any remaining allegations in paragraph 44.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Defendants admit only that the number of individuals in Plaintiffs' purported class is approximately in excess of 2,600.  Defendants deny the remaining allegations in

paragraph 48 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

49.     Denied.

50.     Denied.

## CLASS ACTION ALLEGATIONS

51.     Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Second Amended Complaint as though fully set forth herein.

52.     Defendants admit only that the Named Plaintiffs purport to bring claims on behalf of themselves and a purported class as described in paragraph 52 but Defendants specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 52.

53.     Defendants admit only that the Named Plaintiffs seek to represent a class as described in paragraph 53 but deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 53.

54.     Defendants admit only that the Named Plaintiffs seek to represent a class as described in paragraph 54 but deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 54.

55.     Defendants admit only that the number of individuals in Plaintiffs' purported class action is approximately in excess of 2,600. Defendants deny the remaining allegations in paragraph 55.

56.     Denied.

57.     Denied.

58.     Denied.

DB1/ 86685556.5

59. Denied.

60. Denied.

61. Denied.

62. Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Second Amended Complaint as though fully set forth herein.

63. Defendants admit only that Plaintiffs purport to bring claims on behalf of themselves and a purported class as described in paragraph 63 and that there are more than 40 purported class members from certain states. Defendants deny any remaining allegations in paragraph 63 and specifically deny that this case can proceed as a class action and that Plaintiffs and the individuals they purport to represent are similarly situated.

64. Defendants admit that Plaintiff D'Alessio purports to bring this case as a class action under the wage and hour laws of New Jersey, as described in paragraph 64 but Defendants specifically deny that Plaintiff D'Alessio and the individuals she purports to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 64.

65. Defendants admit that Plaintiff Santoloci purports to bring this case as a class action under the wage and hour laws of Ohio, as described in paragraph 65 but Defendants specifically deny that Plaintiff Santoloci and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 65.

66. Defendants admit that Plaintiff Fyson purports to bring this case as a class action under the wage and hour laws of California, as described in paragraph 66 but Defendants specifically deny that Plaintiff Fyson and the individuals he purports to represent are similarly

DB1/ 86685556.5

situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 66.

67.     Defendants admit that Plaintiff Groothuis purports to bring this case as a class action under the wage and hour laws of Maryland, as described in paragraph 67 but Defendants specifically deny that Plaintiff Groothuis and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 67.

68.     Defendants admit that Plaintiff Lindeman purports to bring this case as a class action under the wage and hour laws of Kentucky, as described in paragraph 68 but Defendants specifically deny that Plaintiff Lindeman and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 68.

69.     Defendants admit that Plaintiff Samuel purports to bring this case as a class action under the wage and hour laws of Missouri, as described in paragraph 69 but Defendants specifically deny that Plaintiff Samuel and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 69.

70.     Defendants admit that Plaintiff Zaccagni purports to bring this case as a class action under the wage and hour laws of Illinois, as described in paragraph 70 but Defendants specifically deny that Plaintiff Zaccagni and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 70.

71.     Defendants admit that Plaintiff Eacret purports to bring this case as a class action under the wage and hour laws of Indiana, as described in paragraph 71 but Defendants

14

specifically deny that Plaintiff Eacret and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 71.

72. Defendants admit that Plaintiff Longo purports to bring this case as a class action under the wage and hour laws of Washington, as described in paragraph 72 but Defendants specifically deny that Plaintiff Longo and the individuals she purports to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 72.

73. Defendants admit that the New York Named Plaintiffs purport to bring this case as a class action under the wage and hour laws of New York, as described in paragraph 73 but Defendants specifically deny that these Plaintiffs and the individuals they purport to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 73.

## FACTUAL BACKGROUND

74. Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Second Amended Complaint as though fully set forth herein.

75. Denied.

76. Certain of the allegations in paragraph 76 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 76.

77. Denied.

78. Certain of the allegations in paragraph 78 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 78.

79.     Certain of the allegations in paragraph 79 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 79.

80.     Defendants admit only that PNC has employed MLOs to originate residential mortgage loans for customers located in various states including Pennsylvania, Florida, Ohio, California, and Illinois.  Defendants deny any remaining allegations in paragraph 80.

81.     Certain of the allegations in paragraph 81 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that prior to April 2011, PNC classified MLOs as overtime-exempt employees.  Defendants deny the remaining allegations in paragraph 81.

82.     Defendants admit only that the lawsuit Struck v. PNC Bank, N.A. occurred and that the allegations in that complaint speak for themselves.  Defendants deny any remaining allegations in paragraph 82.

83.     Defendants admit only that the lawsuit Struck v. PNC Bank, N.A. occurred and that the allegations in that complaint speak for themselves.  Defendants deny any remaining allegations in paragraph 83.

84.     Defendants admit only that the Struck matter settled and that the settlement agreement speaks for itself.  Defendants deny any remaining allegations in paragraph 84.

85.     Defendants admit only that certain MLOs received offer letters and Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves.  Defendants deny the remaining allegations in paragraph 85 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

86.     Defendants admit only that certain MLOs received offer letters and Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves.

DB1/ 86685556.5

Defendants deny the remaining allegations in paragraph 86 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

87.     Defendants admit only that certain MLOs received offer letters and Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves. Defendants deny the remaining allegations in paragraph 87 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

88.     Defendants admit only that certain MLOs received offer letters and Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves. Defendants deny the remaining allegations in paragraph 88 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

89.     Denied.

90.     Denied.

91.     Defendants admit only that certain MLOs received Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves. Defendants deny the remaining allegations in paragraph 91 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

92.     Defendants admit only that certain MLOs received Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves. Defendants deny the remaining allegations in paragraph 92 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

93.     Denied.

94.     Defendants admit only that certain MLOs received Non-Cumulative Draw Addenda and that those documents speak for themselves. Defendants deny the remaining

allegations in paragraph 94, and Defendants specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

95. Defendants admit only that certain MLOs received Non-Cumulative Draw Addenda and that those documents speak for themselves. Defendants deny the remaining allegations in paragraph 95 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

96. Defendants admit only that certain MLOs received Mortgage Origination Loan Officer / Mortgage Origination Loan Representative grids and that those documents speak for themselves. Defendants deny the remaining allegations in paragraph 96 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated. By way of further response, the language in this paragraph is quoted inaccurately.

97. Defendants admit only that they have revised the Mortgage Origination Loan Officer / Mortgage Origination Loan Representative grids on occasion. Defendants deny the remaining allegations in paragraph 97.

98. Defendants admit only that certain MLOs received Non-Cumulative Draw Addenda and that those documents speak for themselves. Defendants deny the remaining allegations in paragraph 98 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

99. Defendants admit only that they paid certain MLOs a base salary of $24,000 per year on a bi-weekly basis. Defendants deny the remaining allegations in paragraph 99 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

100. Defendants admit only that they paid certain MLOs their salary and approved overtime on a bi-weekly basis. Defendants deny the remaining allegations in paragraph 100 and

DB1/ 86685556.5

specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

101. Denied.

102. Defendants admit only that Plaintiff Galasso received an offer letter, the contents of which speak for themselves. Defendants deny the remaining allegations in paragraph 102.

103. Defendants admit only that Plaintiff Galasso received an offer letter, the contents of which speak for themselves. Defendants deny the remaining allegations in paragraph 103.

104. Defendants admit only that Plaintiff Galasso received an offer letter, the contents of which speak for themselves. Defendants deny the remaining allegations in paragraph 104.

105. Denied.

106. Denied.

107. Denied.

108. Defendants deny the allegations in paragraph 108 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

109. Defendants admit only that they paid certain MLOs a base salary of $24,000 per year on a bi-weekly basis, and that the Compensation Plan Summary is a document that speaks for itself. Defendants deny the remaining allegations in paragraph 109 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

110. Defendants admit only that PNC issued Earnings Statements to certain MLOs, the contents of which speak for themselves. Defendants deny the remaining allegations in paragraph 110 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

111. Defendants admit only that PNC issued Earnings Statements to certain MLOs, the contents of which speak for themselves. Defendants deny the remaining allegations in paragraph

111 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Defendants admit only that certain MLOs were issued business cards. Defendants deny the remaining allegations in paragraph 116 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

117. Defendants admit only that certain MLOs were issued laptop computers. Defendants deny the remaining allegations in paragraph 117 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

118. Denied.

119. Denied.

120. Defendants admit only that certain MLOs were paid a base annual salary. Defendants deny the remaining allegations in paragraph 120 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

DB1/ 86685556.5

127.     Defendants admit only that certain MLOs were classified as non-exempt employees.  Defendants deny the remaining allegations in paragraph 127.

128.     Denied.

129.     Denied.

130.     Denied.

131.     Denied.

132.     Denied.

133.     Denied.

134.     Denied.

135.     Denied.

136.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 136 concerning Plaintiffs' awareness.  Defendants deny the remaining allegations in paragraph 136 and specifically deny that they engaged in any illegal conduct and that Plaintiffs and the individuals they purport to represent are similarly situated.

137.     Denied.

138.     Denied.

  a.  Defendants admit only that the document referenced in paragraph 138(a) speaks for itself.  Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner.  Defendants deny any remaining allegations in paragraph 138(a).

  b.  Defendants admit only that the document referenced in paragraph 138(b) speaks for itself.  Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner.  Defendants deny any remaining allegations in paragraph 138 (b).

21

c. Defendants admit only that the document referenced in paragraph 138 (c) speaks for itself. Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner. Defendants deny the remaining allegations in paragraph 138(c).

139. Denied.

140. Denied.

a. Defendants admit only that the document referenced in paragraph 140(a) speaks for itself. Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner. Defendants deny any remaining allegations in paragraph 140(a).

b. Defendants admit only that the document referenced in paragraph 140(b) speaks for itself. Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner. Defendants deny any remaining allegations in paragraph 140(b).

c. Defendants admit only that the document referenced in paragraph 140(c) speaks for itself. Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner. Defendants deny any remaining allegations in paragraph 140(c).

d. Defendants admit only that the document referenced in paragraph 140(d) speaks for itself. Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner. Defendants deny the remaining allegations in paragraph 140(d).

141. Denied.

142. Denied.

DB1/ 86685556.5

a. Defendants admit only that the document referenced in paragraph 142(a) speaks for itself. Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner. Defendants deny any remaining allegations in paragraph 142(a).

b. Defendants admit only that the document referenced in paragraph 142(b) speaks for itself. Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner. Defendants deny any remaining allegations in paragraph 142(b).

c. Defendants admit only that the document referenced in paragraph 142(c) speaks for itself. Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner. Defendants deny any remaining allegations in paragraph 142(c).

d. Defendants admit only that the document referenced in paragraph 142(d) speaks for itself. Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner. Defendants deny the remaining allegations in paragraph 142(d).

143. Denied.

144. Defendants admit only that certain Plaintiffs were or are MLOs who were or are classified as non-exempt. Defendants deny the remaining allegations in paragraph 144.

145. Denied.

146. Defendants admit only that certain Plaintiffs were or are MLOs who were or are classified as non-exempt. Defendants deny the remaining allegations in paragraph 146 and specifically deny that this case can proceed as a class or collective action.

147. Denied.

148. Denied.

149. Defendants admit only that job duties of certain MLOs included, but were not limited to, preparing loan applications, collecting credit/financial documentation from potential borrowers, and engaging in customer contact through telephone and email. Defendants deny the remaining allegations in paragraph 149 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

150. Defendants admit only that job duties of certain MLOs included, but were not limited to, logging into PNC's computer system. Defendants deny the remaining allegations in paragraph 150.

151. Denied.

152. The allegations in paragraph 152 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 152.

153. Denied.

154. Denied.

155. Defendants admit only that various incentive plans exist and have existed and that those documents speak for themselves. Defendants deny the remaining allegations in paragraph 155 and specifically deny that this case can proceed as a collective or class action.

156. Defendants admit only that some of the work performed by MLOs is an integral part of PNC's residential mortgage business. Defendants deny the remaining allegations in paragraph 156 and specifically deny that this case can proceed as a collective or class action.

157. Denied.

158. Denied.

159. Denied.

160.     The allegations in paragraph 160 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 160.

161.     Defendants admit only that job duties of certain MLOs included, but were not limited to, preparing loan applications, collecting credit/financial documentation from potential borrowers, and engaging in customer contact through telephone and email.  Defendants deny the remaining allegations in paragraph 161.

162.     Defendants admit only that shortly after they were hired by PNC, the New York Named Plaintiffs attended a three-day training held by PNC at its headquarters in Pittsburgh, Pennsylvania.  Defendants deny the remaining allegations in paragraph 162.

163.     Defendants lack knowledge sufficient to form a belief as to the truth of allegations in paragraph 163, and therefore, deny those allegations.

164.     Denied.

165.     Denied.

166.     Denied.

167.     Denied.

168.     Denied.

169.     Denied.

170.     Denied.

171.     Denied.

172.     Denied.

173.     Defendants admit only that the New York Named Plaintiffs were trained and instructed to record all hours worked on their online timesheet in the Time and Attendance System.  Defendants deny the remaining allegations in paragraph 173.

174.     Denied.

175. Defendants lack knowledge sufficient to form a belief as to the truth of allegations in paragraph 175 regarding why or if the New York Named Plaintiffs chose not to record their time accurately in violation of PNC policy. Defendants deny the remaining allegations in paragraph 175.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Defendants lack knowledge sufficient to form a belief as to the truth of allegations in paragraph 183, and therefore, deny those allegations.

184. Denied.

## COUNTS I AND II
## VIOLATIONS OF THE FLSA FOR UNPAID OVERTIME AND MINIMUM WAGES

185. Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Second Amended Complaint as though fully set forth herein.

186. The allegations in paragraph 186 are legal conclusions to which no response is required.

187. The allegations in paragraph 187 are legal conclusions to which no response is required.

188. Admitted.

189. The allegations in paragraph 189 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that certain MLOs were

26

classified as non-exempt employees. Defendants deny the remaining allegations in paragraph 189.

190. Denied.

191. Denied.

**COUNT III**
**VIOLATION OF COMMON LAW**
**BREACH OF CONTRACT**

192. Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Second Amended Complaint as though fully set forth herein.

193. Defendants admit only that any agreements entered into between Defendant and certain MLOs speak for themselves. Defendants deny any remaining allegations in paragraph 193 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

194. Defendants admit only that any agreements entered into between Defendant and certain MLOs speak for themselves. Defendants deny any remaining allegations in paragraph 194 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

195. Denied.

196. Denied.

197. Denied.

**COUNT IV**
**VIOLATION OF COMMON LAW**
**UNJUST ENRICHMENT**

198. Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Second Amended Complaint as though fully set forth herein.

27

199.    Defendants admit only that the Named Plaintiffs assert an unjust enrichment claim as an alternative to their breach of contract claim.  Defendants deny any remaining allegations in paragraph 199 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

## COUNTS V-XV
## VIOLATIONS OF STATE WAGE PAYMENT LAWS FOR UNLAWFUL DEDUCTIONS AND FAILURE TO PAY ALL WAGES DUE

207.    Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Second Amended Complaint as though fully set forth herein.

208.    Denied.

209.    Defendants admit only that Plaintiffs seek relief under Pennsylvania state law. Defendants deny the remaining allegations in paragraph 209 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

210.    Defendants admit only that Plaintiffs seek relief under California state law. Defendants deny the remaining allegations in paragraph 210 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

211.    Defendants admit only that Plaintiffs seek relief under Illinois state law. Defendants deny the remaining allegations in paragraph 211 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

212.    Defendants admit only that Plaintiffs seek relief under Indiana state law. Defendants deny the remaining allegations in paragraph 212 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

213.    Defendants admit only that Plaintiffs seek relief under Kentucky state law. Defendants deny the remaining allegations in paragraph 213 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

214.    Defendants admit only that Plaintiffs seek relief under Maryland state law. Defendants deny the remaining allegations in paragraph 214 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

215.    Defendants admit only that Plaintiffs seek relief under Missouri state law. Defendants deny the remaining allegations in paragraph 215 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

216.    Defendants admit only that Plaintiffs seek relief under New Jersey state law. Defendants deny the remaining allegations in paragraph 216 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

217.    Defendants admit only that Plaintiffs seek relief under Ohio state law. Defendants deny the remaining allegations in paragraph 217 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

218.    Defendants admit only that Plaintiffs seek relief under Washington state law. Defendants deny the remaining allegations in paragraph 218 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

DB1/ 86685556.5

219.     Defendants admit only that the New York Named Plaintiffs seek relief under New York  state law.  Defendants deny the remaining allegations in paragraph 219 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

## COUNTS XVI-XXV
## VIOLATIONS OF STATE WAGE AND HOUR LAWS FOR
## FAILURE TO PAY OVERTIME AND MINIMUM WAGE

220.     Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Second Amended Complaint as though fully set forth herein.

221.     Denied.

222.     Defendants admit only that Plaintiffs seek relief under Pennsylvania state law. Defendants deny the remaining allegations in paragraph 222 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

223.     Defendants admit only that Plaintiffs seek relief under California state law. Defendants deny the remaining allegations in paragraph 223 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

224.     Defendants admit only that Plaintiffs seek relief under Illinois state law. Defendants deny the remaining allegations in paragraph 224 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

225.     Defendants admit only that Plaintiffs seek relief under Indiana state law. Defendants deny the remaining allegations in paragraph 225 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

226.     Defendants admit only that Plaintiffs seek relief under Kentucky state law. Defendants deny the remaining allegations in paragraph 226 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

DB1/ 86685556.5

227.     Defendants admit only that Plaintiffs seek relief under Maryland state law. Defendants deny the remaining allegations in paragraph 227 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

228.     Defendants admit only that Plaintiffs seek relief under Missouri state law. Defendants deny the remaining allegations in paragraph 228 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

229.     Defendants admit only that Plaintiffs seek relief under New Jersey state law. Defendants deny the remaining allegations in paragraph 229 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

230.     Defendants admit only that Plaintiffs seek relief under Ohio state law. Defendants deny the remaining allegations in paragraph 230 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

231.     Defendants admit only that Plaintiffs seek relief under Washington state law. Defendants deny the remaining allegations in paragraph 231 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

232.     Defendants admit only that the New York Named Plaintiffs seek relief under New York state law.  Defendants deny the remaining allegations in paragraph 232 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted or not specifically modified herein.

## PRAYER FOR RELIEF

Defendants deny that they are liable to Plaintiffs or any other member of the alleged class or collective action in any way, deny that Plaintiffs or any other member of the alleged class or

31

collective action are entitled to relief, deny that this case may proceed as a class or collective action, and deny all other allegations contained in the prayer for relief.

## DEMAND FOR A JURY TRIAL

Defendants deny that Plaintiffs are entitled to a jury trial.

## DEFENSES

1.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because at all relevant times, they were paid the required minimum wage and overtime payments.

2.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because they have not sustained any injury or damage by reason of any act or omission of Defendants.

3.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by the doctrines of release, accord and satisfaction, waiver, estoppel, unclean hands, set-off, and/or offset.

4.      To the extent that Plaintiffs and/or members of the purported class and collective action were paid compensation beyond that to which they were entitled while employed by Defendants, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

5.      If Defendants failed to pay Plaintiffs and/or members of the purported class and collective action any overtime wages, although such is not admitted, they have not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

6.      If Defendants failed to pay Plaintiffs and/or members of the purported class and collective action any overtime wages, although such is not admitted, none of Defendants' actions

DB1/ 86685556.5

or omissions constituted a willful violation of the FLSA or Pennsylvania, California, Illinois, Indiana, Kentucky, Maryland, Missouri, New Jersey, New York, Ohio, or Washington law.

7.　　Defendants acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiffs and/or members of the purported class and collective action.

8.　　Pursuant to 29 U.S.C. § 259 and other applicable law, Defendants' alleged failure to pay Plaintiffs and/or members of the purported class and collective action overtime wages, if at all, was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor and the Department of Labor of the applicable states.

9.　　Plaintiffs have failed to satisfy the prerequisites for bringing a class or collective action.

10.　　Certification of a class, based upon the facts and circumstances of this case, would constitute a denial of Defendants' right to due process under the Fourteenth Amendment of the United States Constitution, as well as the Constitutions of Pennsylvania, California, Illinois, Indiana, Kentucky, Maryland, Missouri, New Jersey, New York, Ohio, and Washington.

11.　　An award of penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States Constitution as well as the Constitutions of Pennsylvania, California, Illinois, Indiana, Kentucky, Maryland, Missouri, New Jersey, New York, Ohio, and Washington.

12.　　Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred as to all hours allegedly worked of which Defendants lacked knowledge.

33

13.     Plaintiffs and/or members of the purported class and collective action failed to mitigate damages, entitlement to which is expressly denied.

14.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are offset by any amounts owed to Defendants, including but not limited to overpayments or other forms of unjust enrichment.

15.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because they failed to demand payment.

16.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because Plaintiffs lack standing to seek some or all of the requested relief.

17.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by applicable statutes of limitations.

18.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, to the extent they violated policies and guidelines or worked in violation of orders of their supervisors.

19.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred to the extent they seek remedies beyond those provided for by the FLSA or Pennsylvania, California, Illinois, Indiana, Kentucky, Maryland, Missouri, New Jersey, New York, Ohio, or Washington law.

20.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the FLSA and/or Pennsylvania, California, Illinois, Indiana, Kentucky, Maryland, Missouri, New Jersey, New York, Ohio, or Washington law.

DB1/ 86685556.5

21.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any allegedly unlawful behavior and they unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendants or to otherwise avoid harm.

22.     Plaintiffs and/or members of the purported class and collective action are exempt from overtime and minimum wage requirements under the FLSA and/or state law, including but not limited to, the administrative, executive, highly compensated, outside sales, and/or retail or service establishment exemptions, or some combination of these exemptions.

23.     If Defendants are found to have failed to pay any amount due to Plaintiffs and/or members of the purported class and collective action, which allegations Defendants deny, any payments should be calculated at a rate of one-half the regular hourly rate for each individual.

24.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred in whole or in part because the work alleged to be unpaid is not compensable time under applicable law, including because it was preliminary, postliminary, or *de minimis*.

25.     Although Plaintiffs are not similarly situated to other individuals, and this action may not proceed as a class or collective action, Defendants reserve the right to assert any of the above defenses as well as additional defenses as to any individual who files a consent to join in this action, or any putative class or collective action member.

Defendants reserve the right to amend this Answer and add any and all additional defenses as they become known through discovery or investigation.

35

**WHEREFORE,** Defendants respectfully request that the claims alleged in the Second Amended Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense, including reasonable attorneys' fees.

Dated: March 16, 2016

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Christopher K. Ramsey*
Christopher K. Ramsey (ID No. 63293)
Lauren E. Marzullo (ID No. 306459)
One Oxford Centre, 32nd Floor
Tel:  (412) 560-3300
Fax:  (412) 560-5001
christopher.ramsey@morganlewis.com
lmarzullo@morganlewis.com

Sarah E. Bouchard *(Pro Hac Vice)*
1701 Market Street
Philadelphia, PA  19103
Tel:  (215) 963-5000
Fax:  (215) 963-5001
sbouchard@morganlewis.com

*Attorneys for Defendants*

36