IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEMUEL BLAND, ET AL.,

      Plaintiffs,

v.

PNC BANK, N.A., and THE PNC
FINANCIAL SERVICE GROUP, INC.

      Defendants.

15cv1042
**ELECTRONICALLY FILED**
**LEAD CASE**

**MEMORANDUM ORDER RE: DEFENDANTS' MOTION TO DEEM REQUESTS FOR ADMISSION TO BE ADMITTED AND PLAINTIFFS' CROSS-MOTION FOR A PROTECTIVE ORDER LIMITING DISCOVERY FROM OPT-IN PLAINTIFFS**

On August 7, 2015, Plaintiffs filed an individual, class, and collective action complaint (doc. no. 1), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, et seq.; and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, et seq. by Defendant PNC Bank, N.A. ("PNC"). The Court conditionally certified the FLSA collective action and ordered that notice be sent to potential collective action members on November 25, 2015. Doc. No. 53.

Civil action 15cv1700 (the "*Gokhberg* action") was then consolidated with this action. Doc. No. 74. The Complaint was amended to include all claims of all parties against all Defendants, and additional state law class action claims were asserted by Plaintiffs. Doc. No. 127.

From the onset of this action, the Court has encouraged the Parties to work together towards streamlining the potential issues in this case. Now pending before the Court is a

discovery dispute, filed with just over one-month remaining before the discovery period ends and motions for summary judgment and decertification are due. *See* Doc. Nos. 125; 173; and 175.

## I. Defendants' Motion to Deem Requests for Admission to be Admitted

On September 16, 2016, Defendants filed a Motion asking the Court to deem admitted six Requests for Admission served upon Plaintiffs' Counsel, directed to each of the approximately 1100 opt-in Plaintiffs. Doc. No. 173. Defendants contend that service of the requests for admissions was made on August 12, 2016. *Id.* and Doc. No. 173-3 (a certificate of service attesting that service of "a true and correct copy" was made on Plaintiffs' Counsel "by electronic mail" on August 12, 2016). Defendants argue that September 15, 2016 was, therefore, the deadline for responses to the requests for admissions. Doc. No. 183.

Plaintiffs' Counsel responds that electronic mail service was not made on August 12, 2016, but that Plaintiffs' Counsel was actually only able to access the discovery documents via a password-protected secure website on August 16, 2016 after informing Defendants' Counsel that they were not able to login to the website. Doc. No. 176. Plaintiffs' Counsel argues that the due date for the discovery requests was thus September 19, 2016 - - accounting for actual service made on August 16, 2016 and applying the "3-day mailing rule" of Fed. R. Civ. P. 26(c). *Id.* Plaintiffs' Counsel states that responses to the discovery requests for 96 opt-in Plaintiffs and objections for the remaining approximately 1,000 opt-in Plaintiffs were delivered to Defendants' Counsel on September 19, 2016. *Id.*

Defendants did not serve a "true and correct copy" of the discovery requests on Plaintiffs' Counsel on August 12, 2016 - - instead Defendants transmitted a message to Plaintiffs' Counsel with further instructions regarding how Plaintiffs' Counsel could obtain the "true and correct copy" of the requests. *See* Doc. No. 175-4. The Court finds that Plaintiffs' Counsel have

2

adequately shown that service of the discovery requests was not actually made until August 16, 2016[1] and that the due date for such requests was September 19, 2016, consistent with Rule 26(c). Accordingly, the Court DENIES Defendants' Motion to Deem Requests for Admission to be Admitted.

> II. **Plaintiffs' Cross-Motion for a Protective Order Limiting Discovery From Opt-in Plaintiffs**

On September 19, 2016, the date that Plaintiffs' Counsel calculated that discovery responses were due and the date on which Plaintiffs responded to Defendants' Motion to Deem Requests for Admission to be Admitted, Plaintiffs moved for a protective order to limit Defendants' discovery to the responses from the 96 opt-in Plaintiffs. Doc. No. 175.

In support of their Cross-Motion, Plaintiffs cite to Fed. R. Civ. P. 26 which provides limitations on discovery that is "unreasonably cumulative or duplicative" or exceeds that which is "proportional to the needs of the case" and to numerous FLSA cases in which district courts have limited discovery to some percentage of the total number of opt-in plaintiffs. *See* Doc. No. 176, p. 5 (collecting cases). Plaintiffs' Counsel also estimates that it required 2-5 hours to "contact, communicate with, draft, and confirm each opt-in plaintiffs' responses to Defendants' Requests for Admission and Production of Documents, and to obtain verifications of each Plaintiffs' Answers to Defendants' Interrogatories." Doc. No. 176, p. 8. They estimate that completing the discovery responses for all 1,100 opt-in Plaintiffs, as requested by Defendants, would require between 2,200 to 5,000 hours and that it would be "nearly impossible to complete these requests prior to the expiration of the discovery deadline[.]" *Id.* at p. 9.

---

[1] Although Defendants argue that Plaintiffs' Counsel-of-record in this case, Hope Pordy, accessed the discovery requests via the secure website on August 15, 2016 (doc. no. 183-1), Attorney Pordy represents only the Plaintiffs in the consolidated *Gokhberg* action.

Federal Rule of Civil Procedure 1 commands that the court *and the parties* construe, administer, and employ the Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." The Federal Rules Advisory Committee Notes accompanying the 2015 Amendment to Rule 26 make clear that courts and parties are to consider whether the scope of discovery requested in any case is proportional to the needs of the case. Fed. R. Civ. P. 26, *Advisory Committee Notes* (2015). Rule 26(g) obliges the Parties to consider the factors related to proportionality when making discovery requests and to certify that discovery is not requested for any improper purpose - - such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Plaintiffs have offered no explanation as to 1) how the 96 (our of 1,100) opt-in Plaintiffs for which discovery responses were made were selected by Plaintiffs' Counsel, or 2) why they waited until the day on which responses were due to seek a protective order limiting the scope of discovery in this case. Although the Court finds that Defendants' discovery requests of *all* 1,100 opt-in Plaintiffs is unduly burdensome, cumulative, and disproportionate to the needs of the case, the Court is reluctant to cut off Defendants' right to seek further discovery in this case from any of those opt-in Plaintiffs who have not yet responded because the Court cannot ensure that the Plaintiffs who have already responded represent a random sample.

The Court will permit Defendants to select an additional 30 opt-in Plaintiffs by September 28, 2016 to respond to the discovery requests by October 14, 2016 - - which should permit sufficient time for Plaintiffs' Counsel to review the requests with the chosen Plaintiffs and allow both Parties to complete any motions for summary judgment and Defendants to complete their motion for decertification by the October 28, 2016 deadline. Accordingly, Plaintiffs' Cross-Motion for Protective Order is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this 26th day of September, 2016,

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge