## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEMUEL BLAND, *et al., individually,* *and on behalf of all others similarly* *situated*, | ) ) ) | |
| | ) | Civil Action No. 2:15-cv-01042-AJS |
| Plaintiffs, | ) ) | |
| v. | ) ) | LEAD CASE |
| PNC BANK, N.A., | ) ) | |
| Defendant. | ) ) | **ELECTRONICALLY FILED** |

| | | |
|---|---|---|
| MARAT GOKHBERG, *et al.,* | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 2:15-cv-01700-AJS |
| THE PNC FINANCIAL SERVICES GROUP, INC., *et al.,* | ) ) ) | MEMBER CASE |
| Defendant. | ) ) ) | **ELECTRONICALLY FILED** |

### ANSWER TO THIRD AMENDED COMPLAINT

Defendants PNC Bank, N.A. and The PNC Financial Services Group, Inc. (collectively, "PNC" or Defendants), by and through their attorneys, hereby respond to Plaintiffs' Third Amended Complaint as follows:

### FIRST DEFENSE

Concerning the unnumbered paragraphs contained on pages 1 through 3 of Plaintiffs' Third Amended Complaint, Defendants admit only that Plaintiffs purport to bring claims on behalf of themselves and purported class and collective actions as described in these paragraphs, but deny that this case can proceed as a class or collective action and further deny that Plaintiffs

and the individuals they purport to represent are similarly situated.  Defendants deny any remaining allegations in these paragraphs.

The numbered paragraphs in this First Defense are Defendants' answers to each of the numbered paragraphs in the Third Amended Complaint.

## JURISDICTION AND VENUE

1.      The allegations in paragraph 1 are legal conclusions to which no response is required.

2.      Defendants admit only that Plaintiffs purport to bring claims on behalf of a putative classes of over 100 members and that some of the purported class members have different citizenship from Defendants.  Defendants deny that this case can proceed as a class action.  The remaining allegations in paragraph 2 are legal conclusions to which no response is required.

3.      Defendants admit only that venue is proper in this district.  Defendants deny the remaining allegations in paragraph 3.

## INTRODUCTION

4.      Defendants admit that Plaintiffs purport to bring this case as a class and collective action under the FLSA and the wage and hour laws of multiple states, including Pennsylvania, Ohio, California, Illinois, Indiana, Kentucky, Maryland, Missouri, New Jersey, New York, and Washington, as described in paragraph 4, but Defendants specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated and deny that this case can proceed as a class or collective action.  Defendants deny any remaining allegations in paragraph 4.

5.      Defendants admit that Plaintiffs purport to bring this case as a collective action under the FLSA, as described in paragraph 5, but Defendants specifically deny that Plaintiffs and

the individuals they purport to represent are similarly situated and deny that this case can proceed as a collective action.  Defendants deny any remaining allegations in paragraph 5.

6.     Defendants admit that the Named Plaintiffs as defined in the unnumbered paragraphs contained on pages 1 through 3 of Plaintiffs' Third Amended Complaint purport to bring claims for breach of contract and unjust enrichment, as described in paragraph 6 but deny these allegations.  Defendants deny any remaining allegations in paragraph 6.

7.     Defendants admit that Plaintiff Mariano Santoloci purports to bring this case as a class action under the wage and hour laws of Ohio, as described in paragraph 7 but Defendants specifically deny that Plaintiff Santoloci and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 7.

8.     Defendants admit that Plaintiff Kirk Fyson purports to bring this case as a class action under the wage and hour laws of California, as described in paragraph 8 but Defendants specifically deny that Plaintiff Fyson and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 8.

9.     Defendants admit that Plaintiff John Sousa purports to bring this case as a class action under the wage and hour laws of California, as described in paragraph 9 but Defendants specifically deny that Plaintiff Sousa and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 9.

10.    Defendants admit that Plaintiff Gregory Zaccagni purports to bring this case as a class action under the wage and hour laws of Illinois, as described in paragraph 10 but

Defendants specifically deny that Plaintiff Zaccagni and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 10.

11.     Defendants admit that Plaintiff Dan Bernard Lindeman purports to bring this case as a class action under the wage and hour laws of Kentucky, as described in paragraph 10 but Defendants specifically deny that Plaintiff Lindeman and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 11.

12.     Defendants admit that Plaintiff David Groothuis purports to bring this case as a class action under the wage and hour laws of Maryland, as described in paragraph 12 but Defendants specifically deny that Plaintiff Groothuis and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 12.

13.     Defendants admit that Plaintiff James R. Samuel purports to bring this case as a class action under the wage and hour laws of Missouri, as described in paragraph 13 but Defendants specifically deny that Plaintiff Samuel and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 13.

14.     Defendants admit that Plaintiff James Grasso purports to bring this case as a class action under the wage and hour laws of Missouri, as described in paragraph 14 but Defendants specifically deny that Plaintiff Grasso and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 14.

15.     Defendants admit that Plaintiff Bianca D'Alessio purports to bring this case as a class action under the wage and hour laws of New Jersey, as described in paragraph 15 but Defendants specifically deny that Plaintiff D'Alessio and the individuals she purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 15.

16.     Defendants admit that Plaintiff Patricia Cates purports to bring this case as a class action under the wage and hour laws of New Jersey, as described in paragraph 16 but Defendants specifically deny that Plaintiff Cates and the individuals she purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 16.

17.     Defendants admit that Plaintiff Joan Malfatti purports to bring this case as a class action under the wage and hour laws of Pennsylvania, as described in paragraph 17 but Defendants specifically deny that Plaintiff Malfatti and the individuals she purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 17.

18.     Defendants admit that Plaintiff Patrick Kernick purports to bring this case as a class action under the wage and hour laws of Pennsylvania, as described in paragraph 18 but Defendants specifically deny that Plaintiff Kernick and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 18.

19.     Defendants admit that Plaintiff Eugene Eacret, Jr. purports to bring this case as a class action under the wage and hour laws of Indiana, as described in paragraph 19 but Defendants specifically deny that Plaintiff Eacret and the individuals he purports to represent are

similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 19.

20. Defendants admit that Plaintiff Denise Longo purports to bring this case as a class action under the wage and hour laws of Washington, as described in paragraph 20, but Defendants specifically deny that Plaintiff Longo and the individuals she purports to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 20.

21. Defendants admit that Plaintiffs Yury Gokhberg, Marat Gokhberg, David Jaffe, Surekha Bassi, and Marc Franchi (defined as the "New York Named Plaintiffs" in Plaintiffs' Third Amended Complaint) purport to bring this case as a class action under the wage and hour laws of New York, as described in paragraph 21 but Defendants specifically deny that these Plaintiffs and the individuals they purport to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 21.

## THE PARTIES

22. Defendants admit that Plaintiff Bland worked for PNC as a Mortgage Loan Officer (Mortgage Loan Officers and Mortgage Loan Originators are referred to herein as "MLOs") from approximately April 16, 2012 to June 30, 2014 in the South Broward, Florida area. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 22 that Plaintiff Bland resides in Florida, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 22.

23. Defendants admit that Plaintiff Rubin worked for PNC as an MLO from approximately April 29, 2011 to December 30, 2013 in the Delray Beach, Florida area. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in

paragraph 23 that Plaintiff Rubin resides in Florida, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 23.

24.     Defendants admit only that Plaintiff Santoloci worked for PNC as an MLO from approximately December 16, 2013 to July 2, 2014 in the Troy, Ohio area and that he also worked for PNC as an MLO from approximately April 29, 2011 to May 12, 2011 in the Delray Beach, Florida area.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 24 that Plaintiff Santoloci resided in Ohio during the time he worked for PNC, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 24.

25.     Defendants admit only that Plaintiff Galasso worked for PNC as an MLO from approximately December 30, 2014 to October 1, 2015 in the South Broward, Florida area. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 25 that Plaintiff Galasso resides in Florida, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 25.

26.     Defendants admit only that Plaintiff Fyson worked for PNC as an MLO from approximately October 17, 2013 to August 14, 2014 in California.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 26 that Plaintiff Fyson resides in California, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 26.

27.     Defendants admit only that Plaintiff Sousa worked for PNC as an MLO from approximately October 2014 to April 2016 in California.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 27 that Plaintiff Sousa

resides in California, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 27.

28.     Defendants admit only that Plaintiff Zaccagni worked for PNC as a Consumer Direct Loan Representative from approximately May 12, 2014 to July 28, 2015 in Illinois. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 28 that Plaintiff Zaccagni resides in Illinois, and therefore, deny that allegation. Defendants deny any remaining allegations in paragraph 28.

29.     Defendants admit only that Plaintiff Lindeman worked for PNC as an MLO from approximately December 16, 2013 to May 31, 2014 in Kentucky.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 29 that Plaintiff Lindeman resides in Kentucky, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 29.

30.     Defendants admit only that Plaintiff Eacret worked for PNC as an MLO from approximately May 9, 2011 to November 5, 2014 in Indiana.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 30 that Plaintiff Eacret resides in Indiana, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 30.

31.     Defendants admit only that Plaintiff Groothuis worked for PNC as an MLO from approximately December 31, 2012 to July 8, 2015 in Maryland.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 31 that Plaintiff Groothuis resides in Maryland, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 31.

32.    Defendants admit only that Plaintiff Samuel worked for PNC as an MLO from approximately September 26, 2013 to July 8, 2014 in Missouri.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 32 that Plaintiff Samuel resides in Missouri, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 32.

33.    Defendants admit only that Plaintiff Grasso worked for PNC as an MLO from approximately November 2014 to August 2015 in Missouri.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 33 that Plaintiff Grasso resides in Missouri, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 33.

34.    Defendants admit only that Plaintiff D'Alessio worked for PNC as an MLO from approximately May 18, 2011 to December 13, 2014 in New Jersey.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 34 that Plaintiff D'Alessio resides in New Jersey, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 34.

35.    Defendants admit only that Plaintiff Cates worked for PNC as an MLO from approximately November 2014 to April 2016 in New Jersey.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 35 that Plaintiff Cates resides in New Jersey, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 35.

36.    Defendants admit only that Plaintiff Malfatti has worked for PNC as an MLO since approximately October 9, 2012 in Pennsylvania.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 36 that Plaintiff Malfatti

resides in Pennsylvania, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 36.

37.    Defendants admit only that Plaintiff Kernick has worked for PNC as an MLO since approximately February 2014 to December 2014 in Pennsylvania.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 37 that Plaintiff Kernick resides in Pennsylvania, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 37.

38.    Defendants admit only that Plaintiff Longo worked for PNC as a Mortgage Originations Loan Officer Supervisor from approximately December 30, 2013 to December 8, 2014 in Washington.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 38 that Plaintiff Longo resides in Washington, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 38.

39.    Defendants admit only that Plaintiff Yury Gokhberg worked for PNC as an MLO from approximately April 19, 2011 to May 11, 2015 in New York.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 39 that Plaintiff Yury Gokhberg resides in New York, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 39.

40.    Defendants admit only that Plaintiff Marat Gokhberg worked for PNC as an MLO from approximately February 21, 2011 to July 8, 2015 in New York.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 40 that Plaintiff Marat Gokhberg resides in New York, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 40.

41.     Defendants admit only that Plaintiff David Jaffe worked for PNC as an MLO from approximately February 28, 2011 to February 5, 2015 in New York.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 41 that Plaintiff Jaffe resides in New York, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 41.

42.     Defendants admit only that Plaintiff Surekha Bassi worked for PNC as an MLO from approximately April 8, 2011 to June 4, 2015 in New York.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 42 that Plaintiff Bassi resides in New York, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 42.

43.     Defendants admit only that Plaintiff Marc Franchi worked for PNC as an MLO from approximately August 16, 2010 to September 12, 2015 in New York.  Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 43 that Plaintiff Franchi resides in New York, and therefore, deny that allegation.  Defendants deny any remaining allegations in paragraph 43.

44.     Certain of the allegations in paragraph 44 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that certain Plaintiffs worked for PNC as MLOs but deny that Plaintiffs and the individuals they purport to represent are similarly situated.  Defendants deny any remaining allegations in paragraph 44.

45.     Defendants admit only that The PNC Financial Services Group, Inc. is a Pennsylvania corporation with its headquarters in 249 Fifth Avenue, One PNC Plaza, Pittsburgh, Pennsylvania 15222, it is licensed to do business in the State of New York, and it conducts

business in New York and several other states.  Defendants deny the remaining allegations in paragraph 45.

46.     Defendants admit only that PNC Bank, National Association is a subsidiary of The PNC Financial Services Group, Inc. and that PNC Bank, National Association conducts business in several different states.  Defendants deny the remaining allegations in paragraph 46.

47.     Defendants admit only that PNC Bank, National Association conducts business in several different states including Pennsylvania, Florida, and Ohio.  Defendants deny any remaining allegations in paragraph 47.

48.     Certain of the allegations in paragraph 40 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that PNC Bank, National Association has over 2,500 branches, including branches in Pennsylvania, Florida, Ohio, and several other states.  Defendants deny the remaining allegations in paragraph 48.

49.     Certain of the allegations in paragraph 49 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that certain Plaintiffs worked for PNC as MLOs but deny that Plaintiffs and the individuals they purport to represent are similarly situated.  Defendants deny any remaining allegations in paragraph 49.

50.     Defendants admit only that PNC's business includes banking and residential mortgage loans and that it conducts business in several states including Pennsylvania, Florida, and Ohio.  Defendants deny any remaining allegations in paragraph 50.

## COLLECTIVE ACTION ALLEGATIONS

51.     Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Third Amended Complaint as though fully set forth herein.

52.     Defendants admit that the Named Plaintiffs purport to bring this case as a collective action under the FLSA as described in paragraph 44 but deny that this case can proceed as a collective action.  Defendants deny any remaining allegations in paragraph 52.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Defendants admit only that the number of individuals in Plaintiffs' purported class is approximately in excess of 2,600.  Defendants deny the remaining allegations in paragraph 56 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

57.     Denied.

58.     Denied.

## CLASS ACTION ALLEGATIONS

59.     Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Third Amended Complaint as though fully set forth herein.

60.     Defendants admit only that the Named Plaintiffs purport to bring claims on behalf of themselves and a purported class as described in paragraph 60 but Defendants specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 60.

61.     Defendants admit only that the Named Plaintiffs seek to represent a class as described in paragraph 61 but deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 61.

62.     Defendants admit only that the Named Plaintiffs seek to represent a class as described in paragraph 62 but deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 62.

63.     Defendants admit only that the number of individuals in Plaintiffs' purported class action is approximately in excess of 2,600.  Defendants deny the remaining allegations in paragraph 63.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Third Amended Complaint as though fully set forth herein.

71.     Defendants admit only that Plaintiffs purport to bring claims on behalf of themselves and a purported class as described in paragraph 71 and that there are more than 40 purported class members from certain states.  Defendants deny any remaining allegations in paragraph 71 and specifically deny that this case can proceed as a class action and that Plaintiffs and the individuals they purport to represent are similarly situated.

72.     Defendants admit that Plaintiff D'Alessio and Plaintiff Cates purport to bring this case as a class action under the wage and hour laws of New Jersey, as described in paragraph 72 but Defendants specifically deny that Plaintiff D'Alessio, Plaintiff Cates, and the individuals

they purport to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 72.

73.     Defendants admit that Plaintiff Santoloci and Plaintiff Sousa purport to bring this case as a class action under the wage and hour laws of Ohio, as described in paragraph 73 but Defendants specifically deny that Plaintiff Santoloci, Plaintiff Sousa, and the individuals they purport to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 73.

74.     Defendants admit that Plaintiff Fyson purports to bring this case as a class action under the wage and hour laws of California, as described in paragraph 74 but Defendants specifically deny that Plaintiff Fyson and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 74.

75.     Defendants admit that Plaintiff Groothuis purports to bring this case as a class action under the wage and hour laws of Maryland, as described in paragraph 75 but Defendants specifically deny that Plaintiff Groothuis and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 75.

76.     Defendants admit that Plaintiff Lindeman purports to bring this case as a class action under the wage and hour laws of Kentucky, as described in paragraph 76 but Defendants specifically deny that Plaintiff Lindeman and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 76.

77.     Defendants admit that Plaintiff Samuel and Plaintiff Grasso purport to bring this case as a class action under the wage and hour laws of Missouri, as described in paragraph 77 but Defendants specifically deny that Plaintiff Samuel, Plaintiff Grasso, and the individuals they purport to represent are similarly situated and deny that this case can proceed as a class action. Defendants deny any remaining allegations in paragraph 77.

78.     Defendants admit that Plaintiff Zaccagni purports to bring this case as a class action under the wage and hour laws of Illinois, as described in paragraph 78 but Defendants specifically deny that Plaintiff Zaccagni and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 78.

79.     Defendants admit that Plaintiff Eacret purports to bring this case as a class action under the wage and hour laws of Indiana, as described in paragraph 79 but Defendants specifically deny that Plaintiff Eacret and the individuals he purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 79.

80.     Defendants admit that Plaintiff Longo purports to bring this case as a class action under the wage and hour laws of Washington, as described in paragraph 80 but Defendants specifically deny that Plaintiff Longo and the individuals she purports to represent are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 80.

81.     Defendants admit that the New York Named Plaintiffs purport to bring this case as a class action under the wage and hour laws of New York, as described in paragraph 81 but Defendants specifically deny that these Plaintiffs and the individuals they purport to represent

are similarly situated and deny that this case can proceed as a class action.  Defendants deny any remaining allegations in paragraph 81.

## FACTUAL BACKGROUND

82.     Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Third Amended Complaint as though fully set forth herein.

83.     Denied.

84.     Certain of the allegations in paragraph 84 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 84.

85.     Denied.

86.     Certain of the allegations in paragraph 86 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 86.

87.     Certain of the allegations in paragraph 87 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 87.

88.     Defendants admit only that PNC has employed MLOs to originate residential mortgage loans for customers located in various states including Pennsylvania, Florida, Ohio, California, and Illinois.  Defendants deny any remaining allegations in paragraph 88.

89.     Certain of the allegations in paragraph 89 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that prior to April 2011, PNC classified MLOs as overtime-exempt employees.  Defendants deny the remaining allegations in paragraph 89.

90.     Defendants admit only that the lawsuit Struck v. PNC Bank, N.A. occurred and that the allegations in that complaint speak for themselves.  Defendants deny any remaining allegations in paragraph 90.

91.     Defendants admit only that the lawsuit Struck v. PNC Bank, N.A. occurred and that the allegations in that complaint speak for themselves.  Defendants deny any remaining allegations in paragraph 91.

92.     Defendants admit only that the Struck matter settled and that the settlement agreement speaks for itself.  Defendants deny any remaining allegations in paragraph 92.

93.     Defendants admit only that certain MLOs received offer letters and Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves. Defendants deny the remaining allegations in paragraph 93 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

94.     Defendants admit only that certain MLOs received offer letters and Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves. Defendants deny the remaining allegations in paragraph 94 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

95.     Defendants admit only that certain MLOs received offer letters and Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves. Defendants deny the remaining allegations in paragraph 95 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

96.     Defendants admit only that certain MLOs received offer letters and Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves.

Defendants deny the remaining allegations in paragraph 96 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

97.    Denied.

98.    Denied.

99.    Defendants admit only that certain MLOs received Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves.  Defendants deny the remaining allegations in paragraph 99 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

100.    Defendants admit only that certain MLOs received Non-Solicitation/No-Hire/Confidentiality Agreements, the contents of which speak for themselves.  Defendants deny the remaining allegations in paragraph 100 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

101.    Denied.

102.    Defendants admit only that certain MLOs received Non-Cumulative Draw Addenda and that those documents speak for themselves.  Defendants deny the remaining allegations in paragraph 102, and Defendants specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

103.    Defendants admit only that certain MLOs received Non-Cumulative Draw Addenda and that those documents speak for themselves.  Defendants deny the remaining allegations in paragraph 103 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

104.    Defendants admit only that certain MLOs received Mortgage Origination Loan Officer / Mortgage Origination Loan Representative grids and that those documents speak for

themselves.  Defendants deny the remaining allegations in paragraph 104 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.  By way of further response, the language in this paragraph is quoted inaccurately.

105.    Defendants admit only that they have revised the Mortgage Origination Loan Officer / Mortgage Origination Loan Representative grids on occasion.  Defendants deny the remaining allegations in paragraph 105.

106.    Defendants admit only that certain MLOs received Non-Cumulative Draw Addenda and that those documents speak for themselves.  Defendants deny the remaining allegations in paragraph 106 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

107.    Defendants admit only that they paid certain MLOs a base salary of $24,000 per year on a bi-weekly basis.  Defendants deny the remaining allegations in paragraph 107 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

108.    Defendants admit only that they paid certain MLOs their salary and approved overtime on a bi-weekly basis.  Defendants deny the remaining allegations in paragraph 108 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

109.    Denied.

110.    Defendants admit only that Plaintiff Galasso received an offer letter, the contents of which speak for themselves.  Defendants deny the remaining allegations in paragraph 110.

111.    Defendants admit only that Plaintiff Galasso received an offer letter, the contents of which speak for themselves.  Defendants deny the remaining allegations in paragraph 111.

112.    Defendants admit only that Plaintiff Galasso received an offer letter, the contents of which speak for themselves.  Defendants deny the remaining allegations in paragraph 112.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Defendants deny the allegations in paragraph 116 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

117.    Defendants admit only that they paid certain MLOs a base salary of $24,000 per year on a bi-weekly basis, and that the Compensation Plan Summary is a document that speaks for itself.  Defendants deny the remaining allegations in paragraph 117 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

118.    Defendants admit only that PNC issued Earnings Statements to certain MLOs, the contents of which speak for themselves.  Defendants deny the remaining allegations in paragraph 118 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

119.    Defendants admit only that PNC issued Earnings Statements to certain MLOs, the contents of which speak for themselves.  Defendants deny the remaining allegations in paragraph 119 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Defendants admit only that certain MLOs were issued business cards.  Defendants deny the remaining allegations in paragraph 124 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

125.    Defendants admit only that certain MLOs were issued laptop computers. Defendants deny the remaining allegations in paragraph 125 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

126.    Denied.

127.    Denied.

128.    Defendants admit only that certain MLOs were paid a base annual salary. Defendants deny the remaining allegations in paragraph 128 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Defendants admit only that certain MLOs were classified as non-exempt employees.  Defendants deny the remaining allegations in paragraph 135.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Defendants are without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 144 concerning Plaintiffs' awareness. Defendants deny the remaining allegations in paragraph 144 and specifically deny that they engaged in any illegal conduct and that Plaintiffs and the individuals they purport to represent are similarly situated.

145. Denied.

146. Denied.

    a.    Defendants admit only that the document referenced in paragraph 146(a) speaks for itself. Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner. Defendants deny any remaining allegations in paragraph 146(a).

    b.    Defendants admit only that the document referenced in paragraph 146(b) speaks for itself. Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner. Defendants deny any remaining allegations in paragraph 146 (b).

    c.    Defendants admit only that the document referenced in paragraph 146 (c) speaks for itself. Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner. Defendants deny the remaining allegations in paragraph 146(c).

147. Denied.

148.   Denied.

    a.   Defendants admit only that the document referenced in paragraph 148(a) speaks for itself.  Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner.  Defendants deny any remaining allegations in paragraph 148(a).

    b.   Defendants admit only that the document referenced in paragraph 148(b) speaks for itself.  Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner.  Defendants deny any remaining allegations in paragraph 148(b).

    c.   Defendants admit only that the document referenced in paragraph 148(c) speaks for itself.  Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner.  Defendants deny any remaining allegations in paragraph 148(c).

    d.   Defendants admit only that the document referenced in paragraph 148(d) speaks for itself.  Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner.  Defendants deny the remaining allegations in paragraph 148(d).

149.   Denied.

150.   Denied.

    a.   Defendants admit only that the document referenced in paragraph 150(a) speaks for itself.  Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner.  Defendants deny any remaining allegations in paragraph 150(a).

      b.     Defendants admit only that the document referenced in paragraph 150(b) speaks for itself.  Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner.  Defendants deny any remaining allegations in paragraph 150(b).

      c.     Defendants admit only that the document referenced in paragraph 150(c) speaks for itself.  Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner.  Defendants deny any remaining allegations in paragraph 150(c).

      d.     Defendants admit only that the document referenced in paragraph 150(d) speaks for itself.  Defendants specifically deny that Plaintiff Galasso was paid in an unlawful manner.  Defendants deny the remaining allegations in paragraph 150(d).

151.    Denied.

152.    Defendants admit only that certain Plaintiffs were or are MLOs who were or are classified as non-exempt.  Defendants deny the remaining allegations in paragraph 152.

153.    Denied.

154.    Defendants admit only that certain Plaintiffs were or are MLOs who were or are classified as non-exempt.  Defendants deny the remaining allegations in paragraph 154 and specifically deny that this case can proceed as a class or collective action.

155.    Denied.

156.    Denied.

157.    Defendants admit only that job duties of certain MLOs included, but were not limited to, preparing loan applications, collecting credit/financial documentation from potential

borrowers, and engaging in customer contact through telephone and email.  Defendants deny the remaining allegations in paragraph 157 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

158.    Defendants admit only that job duties of certain MLOs included, but were not limited to, logging into PNC's computer system.  Defendants deny the remaining allegations in paragraph 158.

159.    Denied.

160.    The allegations in paragraph 160 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 160.

161.    Denied.

162.    Denied.

163.    Defendants admit only that various incentive plans exist and have existed and that those documents speak for themselves.  Defendants deny the remaining allegations in paragraph 163 and specifically deny that this case can proceed as a collective or class action.

164.    Defendants admit only that some of the work performed by MLOs is an integral part of PNC's residential mortgage business.  Defendants deny the remaining allegations in paragraph 164 and specifically deny that this case can proceed as a collective or class action.

165.    Denied.

166.    Denied.

167.    Denied.

168.    The allegations in paragraph 168 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 168.

169.     Defendants admit only that job duties of certain MLOs included, but were not limited to, preparing loan applications, collecting credit/financial documentation from potential borrowers, and engaging in customer contact through telephone and email.  Defendants deny the remaining allegations in paragraph 169.

170.     Defendants admit only that shortly after they were hired by PNC, the New York Named Plaintiffs attended a three-day training held by PNC at its headquarters in Pittsburgh, Pennsylvania.  Defendants deny the remaining allegations in paragraph 170.

171.     Defendants lack knowledge sufficient to form a belief as to the truth of allegations in paragraph 171, and therefore, deny those allegations.

172.     Denied.

173.     Denied.

174.     Denied.

175.     Denied.

176.     Denied.

177.     Denied.

178.     Denied.

179.     Denied.

180.     Denied.

181.     Defendants admit only that the New York Named Plaintiffs were trained and instructed to record all hours worked on their online timesheet in the Time and Attendance System.  Defendants deny the remaining allegations in paragraph 181.

182.     Denied.

183.     Defendants lack knowledge sufficient to form a belief as to the truth of allegations in paragraph 183 regarding why or if the New York Named Plaintiffs chose not to record their time accurately in violation of PNC policy.  Defendants deny the remaining allegations in paragraph 183.

184.     Denied.

185.     Denied.

186.     Denied.

187.     Denied.

188.     Denied.

189.     Denied.

190.     Denied.

191.     Defendants lack knowledge sufficient to form a belief as to the truth of allegations in paragraph 191, and therefore, deny those allegations.

192.     Denied.

## COUNTS I AND II

## VIOLATIONS OF THE FLSA FOR UNPAID OVERTIME AND MINIMUM WAGES

193.     Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Third Amended Complaint as though fully set forth herein.

194.     The allegations in paragraph 194 are legal conclusions to which no response is required.

195.     The allegations in paragraph 195 are legal conclusions to which no response is required.

196.     Admitted.

197.     The allegations in paragraph 197 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that certain MLOs were classified as non-exempt employees.  Defendants deny the remaining allegations in paragraph 197.

198.     Denied.

199.     Denied.

**COUNT III**
**VIOLATION OF COMMON LAW**
**BREACH OF CONTRACT**

200.     Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Third Amended Complaint as though fully set forth herein.

201.     Defendants admit only that any agreements entered into between Defendant and certain MLOs speak for themselves.  Defendants deny any remaining allegations in paragraph 201 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

202.     Defendants admit only that any agreements entered into between Defendant and certain MLOs speak for themselves.  Defendants deny any remaining allegations in paragraph 202 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

203.     Denied.

204.     Denied.

205.     Denied.

## COUNT IV
## VIOLATION OF COMMON LAW
## UNJUST ENRICHMENT

206.     Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Third Amended Complaint as though fully set forth herein.

207.     Defendants admit only that the Named Plaintiffs assert an unjust enrichment claim as an alternative to their breach of contract claim.  Defendants deny any remaining allegations in paragraph 207 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

208.     Denied.

209.     Denied.

210.     Denied.

211.     Denied.

212.     Denied.

213.     Denied.

214.     Denied.

## COUNTS V-XV
## VIOLATIONS OF STATE WAGE PAYMENT LAWS FOR UNLAWFUL
## DEDUCTIONS AND FAILURE TO PAY ALL WAGES DUE

215.     Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Third Amended Complaint as though fully set forth herein.

216.     Denied.

217.     Defendants admit only that Plaintiffs seek relief under Pennsylvania state law. Defendants deny the remaining allegations in paragraph 217 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

218.     Defendants admit only that Plaintiffs seek relief under California state law.

Defendants deny the remaining allegations in paragraph 218 and specifically deny that Plaintiffs

and the individuals they purport to represent are similarly situated.

219.     Defendants admit only that Plaintiffs seek relief under Illinois state law.

Defendants deny the remaining allegations in paragraph 219 and specifically deny that Plaintiffs

and the individuals they purport to represent are similarly situated.

220.     Defendants admit only that Plaintiffs seek relief under Indiana state law.

Defendants deny the remaining allegations in paragraph 220 and specifically deny that Plaintiffs

and the individuals they purport to represent are similarly situated.

221.     Defendants admit only that Plaintiffs seek relief under Kentucky state law.

Defendants deny the remaining allegations in paragraph 221 and specifically deny that Plaintiffs

and the individuals they purport to represent are similarly situated.

222.     Defendants admit only that Plaintiffs seek relief under Maryland state law.

Defendants deny the remaining allegations in paragraph 222 and specifically deny that Plaintiffs

and the individuals they purport to represent are similarly situated.

223.     Defendants admit only that Plaintiffs seek relief under Missouri state law.

Defendants deny the remaining allegations in paragraph 223 and specifically deny that Plaintiffs

and the individuals they purport to represent are similarly situated.

224.     Defendants admit only that Plaintiffs seek relief under New Jersey state law.

Defendants deny the remaining allegations in paragraph 224 and specifically deny that Plaintiffs

and the individuals they purport to represent are similarly situated.

225.     Defendants admit only that Plaintiffs seek relief under Ohio state law.

Defendants deny the remaining allegations in paragraph 225 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

226.     Defendants admit only that Plaintiffs seek relief under Washington state law.

Defendants deny the remaining allegations in paragraph 226 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

227.     Defendants admit only that the New York Named Plaintiffs seek relief under New York state law.  Defendants deny the remaining allegations in paragraph 227 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

## COUNTS XVI-XXV
## VIOLATIONS OF STATE WAGE AND HOUR LAWS FOR
## FAILURE TO PAY OVERTIME AND MINIMUM WAGE

228.     Defendants incorporate by reference their responses to the previous paragraphs of Plaintiffs' Third Amended Complaint as though fully set forth herein.

229.    Denied.

230.     Defendants admit only that Plaintiffs seek relief under Pennsylvania state law.

Defendants deny the remaining allegations in paragraph 230 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

231.     Defendants admit only that Plaintiffs seek relief under California state law.

Defendants deny the remaining allegations in paragraph 231 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

232.     Defendants admit only that Plaintiffs seek relief under Illinois state law.

Defendants deny the remaining allegations in paragraph 232 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

233.     Defendants admit only that Plaintiffs seek relief under Indiana state law.
Defendants deny the remaining allegations in paragraph 233 and specifically deny that Plaintiffs
and the individuals they purport to represent are similarly situated.

234.     Defendants admit only that Plaintiffs seek relief under Kentucky state law.
Defendants deny the remaining allegations in paragraph 234 and specifically deny that Plaintiffs
and the individuals they purport to represent are similarly situated.

235.     Defendants admit only that Plaintiffs seek relief under Maryland state law.
Defendants deny the remaining allegations in paragraph 235 and specifically deny that Plaintiffs
and the individuals they purport to represent are similarly situated.

236.     Defendants admit only that Plaintiffs seek relief under Missouri state law.
Defendants deny the remaining allegations in paragraph 236 and specifically deny that Plaintiffs
and the individuals they purport to represent are similarly situated.

237.     Defendants admit only that Plaintiffs seek relief under New Jersey state law.
Defendants deny the remaining allegations in paragraph 237 and specifically deny that Plaintiffs
and the individuals they purport to represent are similarly situated.

238.     Defendants admit only that Plaintiffs seek relief under Ohio state law.
Defendants deny the remaining allegations in paragraph 238 and specifically deny that Plaintiffs
and the individuals they purport to represent are similarly situated.

239.     Defendants admit only that Plaintiffs seek relief under Washington state law.
Defendants deny the remaining allegations in paragraph 239 and specifically deny that Plaintiffs
and the individuals they purport to represent are similarly situated.

240.     Defendants admit only that the New York Named Plaintiffs seek relief under New York state law.  Defendants deny the remaining allegations in paragraph 240 and specifically deny that Plaintiffs and the individuals they purport to represent are similarly situated.

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted or not specifically modified herein.

## PRAYER FOR RELIEF

Defendants deny that they are liable to Plaintiffs or any other member of the alleged class or collective action in any way, deny that Plaintiffs or any other member of the alleged class or collective action are entitled to relief, deny that this case may proceed as a class or collective action, and deny all other allegations contained in the prayer for relief.

## SECOND DEFENSE

Plaintiffs' claims and/or the claims of the members of the putative class and purported collective are barred, in whole or in part, to the extent they fail to state a claim or cause of action upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' claims and/or the claims of the members of the putative class and purported collective are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiffs' claims and/or the claims of the members of the putative class and purported collective are barred, in whole or in part, to the extent that Plaintiffs lack standing to raise some or all of the claims on behalf of any member of any putative class or purported collective.

## FIFTH DEFENSE

Plaintiffs' claims and/or the claims of the members of the putative class and purported collective are barred, in whole or in part, because Defendant have not violated the FLSA or any state wage and hour law, and has treated Plaintiffs and all members of any putative class or purported collective in accordance with the law.

## SIXTH DEFENSE

Plaintiffs' claims and/or the claims of the members of the purported class and/or the collective are barred, in whole or in part, because at all relevant times, they were paid the required minimum wage and overtime payments.

## SEVENTH DEFENSE

Plaintiffs' claims and/or the claims of the members of the putative class and purported collective are barred, in whole or in part, because Defendants have paid Plaintiffs and/or any member of any putative class or purported collective all wages and compensation to which they are entitled under the FLSA and/or any applicable state wage and hour law.

## EIGHTH DEFENSE

Plaintiffs' claims and/or the claims of the members of the purported class and/or the collective are barred, in whole or in part, because Plaintiffs and/or the members of the purported class and/or the collective are exempt from the overtime and minimum wage requirements of the FLSA and/or any applicable state wage and hour law.

## NINTH DEFENSE

Plaintiffs' claims and/or the claims of the members of the purported class and/or the collective are barred, in whole or in part, to the extent they seek remedies beyond those provided for by the FLSA and/or any applicable state wage and hour law.

**TENTH DEFENSE**

Plaintiffs' claims and/or the claims of the members of the purported class and/or the collective are barred, in whole or in part, to the extent they violated Defendants' established policies or worked in violation of directives given by their managers.

**ELEVENTH DEFENSE**

Plaintiffs' claims and/or the claims of the members of the purported class and/or the collective are barred, in whole or in part, as to all hours allegedly worked of which Defendants lacked actual or constructive knowledge.

**TWELFTH DEFENSE**

At no time did Defendants pay Plaintiffs and/or any member of any putative class in a manner known or believed to violate the FLSA or any state wage and hour law; nor did any Defendant willfully violate any provision of the FLSA and/or any applicable state wage and hour law.

**THIRTEENTH DEFENSE**

Plaintiffs' claims and/or the claims of the members of the putative class and purported collective are barred, in whole or in part, because Defendants acted in good faith consistent with 29 U.S.C. § 259, and had reasonable grounds for believing that their actions and omissions were in compliance with the FLSA and/or any applicable state wage and hour law.

**FOURTEENTH DEFENSE**

Plaintiffs' claims and/or the claims of the members of the purported class and/or the collective are barred, in whole or in part, because the work alleged to be unpaid is not compensable time under the FLSA and/or any applicable state wage and hour law, including if it was *de minimis,* preliminary, or postliminary.

## FIFTEENTH DEFENSE

Plaintiffs' breach of contract and wage payment claims and/or the breach of contract and wage payment claims of the members of the purported class and/or the collective are barred, in whole or in part, to the extent Plaintiffs did not have a contractual right to the payment of the compensation they now seek.

## SIXTEENTH DEFENSE

Plaintiffs' wage payment claims and/or the breach of contract and wage payment claims of the members of the purported class and/or the collective are barred, in whole or in part, because they failed to demand payment.

## SEVENTEENTH DEFENSE

Plaintiffs' claims and/or the claims of the members of the putative class and purported collective are barred, in whole or in part, by statutory exceptions, exclusions, or credits provided for by the FLSA and/or any applicable state wage and hour law.

## EIGHTEENTH DEFENSE

Plaintiffs and/or the members of the putative class and purported collective are not entitled to punitive damages because no actions of Defendants with respect to Plaintiffs and/or any member of any putative class or purported collective constitute a willful, wanton, malicious or reckless disregard of any applicable rights.

## NINETEENTH DEFENSE

Plaintiffs' claims and/or the claims of the members of the putative class and purported collective are barred, in whole or in part, by the doctrines of accord and satisfaction, unjust enrichment, waiver, estoppel, unclean hands, and/or offset, including but not limited to overpayments.

## TWENTIETH DEFENSE

Plaintiffs' claims and/or the claims of the members of the putative class and purported collective are barred, in whole or in part, to the extent they failed to mitigate their alleged damages.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims fail to meet the requisite standard for treatment as a collective action under the FLSA.

## TWENTY-SECOND DEFENSE

Plaintiffs are not similarly situated to the members of any purported collective and, therefore, this action is not properly brought as a collective action.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims fail to meet the requisite standard for treatment as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## TWENTY-FOURTH DEFENSE

The size of any putative class is not so numerous that joinder is impracticable and, therefore, this action is not properly brought as a class action.

## TWENTY-FIFTH DEFENSE

The questions of fact are not common to Plaintiffs and the members of any putative class and, therefore, this action is not properly brought as a class action.

## TWENTY-SIXTH DEFENSE

A class action is not a superior method for handling the claims of Plaintiffs and the members of any putative class and, therefore, this action is not properly brought as a class action.

## TWENTY-SEVENTH DEFENSE

This action is not properly brought as a hybrid FLSA collective/Rule 23 class action because state law issues predominate over Plaintiffs' FLSA claims.

## TWENTY-EIGHTH DEFENSE

Because Plaintiffs claims and Defendants' defenses require individualized assessment, certification of a collective or class would constitute a denial of Defendants' right to due process under the Constitution of the United States, as well as the constitutions of the states under which Plaintiffs purport to assert claims.

## TWENTY-NINTH DEFENSE

An award of penalties would constitute a denial of Defendants' right to due process under the Constitution of the United States, as well as the constitutions of the states under which Plaintiffs purport to assert claims.

## THIRTIETH DEFENSE

Plaintiffs are not entitled to a jury trial on some or all of their claims.

Defendants reserve the right to add additional defenses as to Plaintiffs and/or any putative class or collective action member.

WHEREFORE, Defendants respectfully request that the claims alleged in the Third

Amended Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of

defense, including reasonable attorneys' fees.

                                        Respectfully submitted,

                                        REED SMITH LLP

                                        */s/ Richard L. Etter*                 
                                        Catherine S. Ryan (PA78603)
                                        cryan@reedsmith.com
                                        Richard L. Etter (PA92835)
                                        retter@reedsmith.com
                                        Gretchen Woodruff Root (PA309683)
                                        groot@reedsmith.com
                                        REED SMITH LLP
                                        225 Fifth Avenue
                                        Pittsburgh, PA  15222
                                        Telephone:  (412) 288-4226/3806/3883
                                        Facsimile:  (412) 288-3063

                                        Attorneys for Defendants

Dated:  October 21, 2016

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically on this 21st day of October 2016.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's ECF System.


*/s/ Richard L. Etter*
Counsel for Defendant