IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEMUEL BLAND, ET AL.,

                Plaintiffs,                      15cv1042
                                        **LEAD CASE**
                    v.                      **ELECTRONICALLY FILED**

PNC BANK, N.A.,

                Defendant.

---

MARAT GOKHBERG, ET AL.

                Plaintiffs,                      15cv1700
                                        **MEMBER CASE**
                    v.                      **ELECTRONICALLY FILED**

THE PNC FINANCIAL SERVICES GROUP,
INC, ET AL.

                Defendants.

**MEMORANDUM ORDER RE: PLAINTIFFS' EMERGENCY MOTION TO
PARTIALLY STRIKE DEFENDANT'S CONCISE STATEMENT OF MATERIAL
FACTS AND AFFIRMATIVE DEFENSE OF EXEMPTION (DOC. NO. 250)**

Pending before the Court is Plaintiffs' Emergency Motion to Partially Strike Defendant's

Concise Statement of Material Facts and Defendant's Affirmative Defense of Exemption.  Doc.

No. 250.  The Court previously GRANTED the first part of this Motion to Partially Strike

Defendant's Concise Statement of Material Facts.  The Court now GRANTS Plaintiffs' Motion

to Strike Defendant's Affirmative Defense of Exemption.

      **I.**      **PNC's Affirmative Defense of Exemption**

Plaintiff moves the Court to strike PNC's affirmative defense that some or all Plaintiffs

were exempt under the FLSA.  Doc. No. 250.  Plaintiffs base this argument on: (1) a

representation made by prior Defense Counsel at an early status conference in this matter that "these are nonexempt employees that were designated nonexempt by PNC Bank[;]" doc. no. 250; (2) PNC's response to Plaintiffs' interrogatories which states "Defendant states that Plaintiffs were classified as non-exempt employees and received overtime compensation for hours over 40 that they recorded in a week[;] doc. no. 250-1; and (3) PNC's Rule 30(b)(6) designee stating that she had no facts to support PNC's affirmative defense of exemption; doc. no. 250.

PNC responds that its designation of Plaintiffs as nonexempt during their employment does not preclude it from now arguing that Plaintiffs meet the legal requirements for exemption under the FLSA. Doc. No. 259. PNC also argues that the Rule 30(b)(6) designee was not able to answer questions about PNC's affirmative defense of exemption because it had not yet filed its Answer to the Third Amended Complaint and did not know what it would assert as affirmative defenses. *Id.* PNC argues that it offered to make the Rule 30(b)(6) representative available again during the final week of discovery and that Plaintiffs failed to take advantage of that opportunity to seek discovery regarding PNC's affirmative defenses.

However, PNC offers no explanation for its response to Plaintiffs' interrogatory requests, which included a request to "set forth the precise factual basis for each claimed exemption for each of the Plaintiffs, and identify the time periods that Defendant claims are non-compensable for any reason . . .", to which PNC responded, without waiving objections, that "Plaintiffs were classified as non-exempt employees and received overtime compensation for hours over 40 that they recorded in a week." Doc. No. 237-3 (verified by PNC on January 8, 2016).

At the time PNC responded to Plaintiffs' interrogatory requests, it had pled the affirmative defense of exemption in its Answer to Plaintiff's first Complaint. Doc. No. 17. PNC

has included the affirmative defense of exemption each time it has filed an Answer to Plaintiffs' Complaints in this matter. *See* Doc. Nos. 17; 131; and 216. The strained technical argument that PNC's Rule 30(b)(6) designee did not know the affirmative defenses PNC would state in its Answer to the Third Amended Complaint at the time of the deposition ignores (1) that Plaintiffs' Third Amended Complaint was allowed solely to substitute and/or add Named Plaintiffs to the action and not to substantively change any claims asserted and (2) that PNC has a continuing obligation to update discovery responses - - including responses to interrogatories - - pursuant to Federal Rule of Civil Procedure 26(e).

The responses provided by PNC to Plaintiffs' requests regarding factual information to support PNC's affirmative defense of exemption are inconsistent with PNC's arguments supporting the affirmative defense now and, as a result, Plaintiffs have been unfairly prejudiced by relying on the representations made by PNC throughout this litigation and in discovery responses. Accordingly, the Court finds it is proper to STRIKE PNC's Affirmative Defense of Exemption.

Plaintiffs' motion to strike PNC's affirmative defense of exemption is GRANTED.

SO ORDERED, this 11th day of November, 2016,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge